# EXHIBIT 10

From: Daniel Buch

To: Devon Brown, EPA Award Official
U.S. Environmental Protection Agency
Office of the Greenhouse Gas Reduction Fund
Office of the Administrator
1200 Pennsylvania Avenue NW
Washington, DC  20460

CC: Michael Molina

Date: November 5, 2025

Re:     Objection to Closeout of EPA Assistance Agreement 5H-84092302

Dear Mr. Brown:

On September 5, 2025, the California Public Utilities Commission (CPUC) submitted to the U.S. Environmental Protection Agency (EPA) a Dispute of Termination of EPA Assistance Agreement 5H-84092302 pursuant to 2 C.F.R. § 1500.15. Despite that timely dispute, on October 1, 2025, the CPUC received email correspondence from SFA@epa.gov containing "Solar for All Grant Closeout Instructions" and demanding that the CPUC complete closeout within 120 calendar days of the "the date of termination that is listed in your award amendment." The CPUC has now received EPA's October 23, 2025 letter purporting to declare the CPUC's "dispute regarding the termination of Assistance Agreement 5H-84092302" moot. The sole basis for EPA's mootness determination is that "there is a current lawsuit in place regarding the validity of the termination of your assistance agreement."

We write to obtain clarification regarding EPA's mootness determination and to formally object to EPA's demand that the CPUC close out Assistance Agreement 5H-84092302.

As an initial matter, clarification is needed because EPA's October 23, 2025 letter references "your dispute . . . submitted on August 29, 2025." But the CPUC did not submit its Part 1500 dispute on August 29, 2025. Rather, August 29, 2025 is the date the CPUC submitted its 21-day Notice of Disagreement in accordance with EPA's August 8, 2025 Assistance Amendment. Thus, it is unclear which administrative dispute "EPA has rendered" as moot.

Page 1 of 3

In any event, the CPUC disagrees with EPA's position that a timely administrative dispute pursuant to 2 C.F.R. § 1500.15 cannot proceed if related litigation is pending. EPA cites no authority for this proposition. And we are aware of no authority that would prohibit EPA from correcting its unlawful termination decision through a streamlined administrative dispute, rather than through cumbersome litigation. At a minimum, EPA should stay the administrative dispute until the conclusion of California's lawsuit challenging EPA's termination of the Solar for All program in the United States District Court for the Western District of Washington, No. 2:25-cv-02015 (the District Court litigation).

More importantly, and regardless of any determination regarding the status of the CPUC's administrative challenges to the termination, closeout is improper at this time.

As you are aware, in addition to the District Court litigation, the CPUC has sued for damages in the United States Court of Federal Claims over EPA's termination of this grant, No. 1:25-cv-01738-LAS. It would be inappropriate and prejudicial to require the CPUC to close out while litigation is pending that directly concerns EPA's termination of this grant. *Cf.* 48 C.F.R. § 4.804-1(c) (for procurement contracts, "[a] contract file shall not be closed if—(1) The contract is in litigation or under appeal").

Moreover, under 2 C.F.R. § 200.344(a), EPA may close out a grant only after it "determines that all administrative actions and required work of the Federal award have been completed." The CPUC has complied—and continues to comply—with the terms and conditions of the Solar for All program. EPA unilaterally terminated the CPUC's grant and illegally deobligated $231,623,116.87 from the CPUC's Automated Standard Application for Payments (ASAP) account without determining that the work of the grants had been accomplished and without even waiting for 30-day deadline to file a Part 1500 dispute to expire. Due to EPA's unlawful actions, the CPUC has not been able to complete the work required under Assistance Agreement 5H-84092302. Accordingly, EPA necessarily cannot "determine[] that all administrative actions and required work of the Federal award have been completed" as would be required to close out.

The CPUC does **not** agree to close out Assistance Agreement 5H-84092302 while litigation relating to this grant is pending. We seek an extension for our close-out date until all litigation has been resolved, including any appeals. Additionally, we do not accept any unilateral actions on the part of the EPA to commence close-out procedures without our express and informed consent, as well as our provision of the information required under 2 C.F.R. § 200.344(b)–(c).

Please confirm receipt of this correspondence no later than 5:00pm on November 5, 2025.

Sincerely,

*Daniel Buch*

Daniel Buch
Program Manager
Electric Rates, Customer Generation, Demand Response, and Rate Discounts Branch
Energy Division
California Public Utilities Commission
Daniel.Buch@cpuc.ca.gov
(415) 703-2292