**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| STATE OF ARIZONA, et al., | NO. 2:25-cv-02015-TMC |
| Plaintiffs, | DECLARATION OF REBECCA W. GOODMAN IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; and LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, | |
| Defendants. | |

I, Rebecca W. Goodman, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.      I am a resident of the Commonwealth/State of Kentucky. I am familiar with the information in the statements set forth below either through personal knowledge, consultation with Kentucky Energy and Environment Cabinet staff, or from my review of relevant documents and information. If called as a witness, I could and would testify competently to the matters set forth below.

2.      I serve as the Secretary of the Kentucky Energy and Environment Cabinet, as appointed by Governor Andy Beshear in December 2019.

DECLARATION OF REBECCA W.
GOODMAN IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION
No. 2:25-cv-02015-TMC

1

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

3.      As Secretary, I serve as the top environmental officer in the Commonwealth. With more than 40 years of service to the Commonwealth, I have previously worked as the Executive Director of the Office of Rate Intervention and as General Counsel for a number of state agencies. I hold a Juris Doctor from Salmon P. Chase College of Law and a Bachelor of Science from Kentucky State University.

4.      In my capacity as Cabinet Secretary of the Kentucky Energy and Environment Cabinet, I am responsible for ensuring the development of programming that ensures the success of the Commonwealth amid rapid changes that occur in the production, delivery, and use of energy. The work of my Cabinet helps Kentucky schools, homes, businesses, and communities better manage their energy use while improving their environment.

5.      I submit this declaration to provide details on the ways in which the Environmental Protection Agency's termination of the Solar for All (SFA) Program has harmed Kentucky.

**The Solar for All Program**

6.      In 2022, President Biden signed the Inflation Reduction Act. Inflation Reduction Act of 2022, Public Law No. 117-169 (2022). Among other things, the Inflation Reduction Act amended the Clean Air Act to authorize and appropriate to EPA $7 billion, to remain available until September 30, 2024, to make competitive grants to enable low-income and disadvantaged communities to deploy or benefit from zero-emission technologies. Public Law 117-169, Sec. 60103, 136 Stat. 2065-66 (codified at 42 U.S.C. § 7434). This $7 billion appropriation was part of Congress's Greenhouse Gas Reduction Fund, a $27 billion investment to combat the climate crisis by supporting greenhouse gas- and air pollution-reducing projects in communities across the country.

7.      In accordance with Congress's directive, EPA designed and launched the Solar for All Program. SFA was intended to encourage the deployment of residential distributed solar energy to lower energy bills for millions of Americans and catalyze transformation in markets

DECLARATION OF REBECCA W.
GOODMAN IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION
No. 2:25-cv-02015-TMC

2

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

serving low-income and disadvantaged communities. SFA grantees would provide subsidies and other financial assistance to residential rooftop and residential-serving community solar projects in and benefit low-income and disadvantaged communities, in addition to project-deployment technical assistance such as workforce development, community outreach, and other support to help overcome barriers to solar deployment.

8.       On June 28, 2023, EPA published its Notice of Funding Opportunity (NOFO), EPA-R-HQ-SFA-23-01, outlining application requirements for the SFA program. The NOFO indicated that, pursuant to the Inflation Reduction Act and the Clean Air Act, EPA would award up to 60 grants to States, territories, Tribal governments, municipalities, and eligible nonprofits to expand the number of low-income and disadvantaged communities that have access to affordable, resilient, and clean solar energy programs.

**Kentucky Applied for and Received SFA Funding**

9.       On October 10, 2023, the Kentucky Energy and Environment Cabinet ("Cabinet"), through its Office of Energy Policy submitted an application under the NOFO.

10.      In developing its application, the Cabinet consulted with a number of stakeholders, Louisville (Kentucky) Metro Government, the Kentucky Solar Energy Society, and the Kentucky Conservation Committee. The application preparation process spanned approximately three months and used the work of 2.5 full time employees to ensure all application requirements were met and that the application aligned with the Kentucky Energy Strategy and the priority of supporting disaster recovery work.

11.      Kentucky, through the Cabinet, was awarded $62,450,000 of SFA funding on July 9, 2024. On July 12, 2024,EPA transmitted an Assistance Agreement to the Cabinet. A true and correct copy of Kentucky's Assistance Agreement is attached hereto as Exhibit 1.

12.      EPA obligated the entire balance of Kentucky's SFA award on July 12, 2024, the date of the Assistance Agreement. Kentucky's $62,450,000 award appeared shortly thereafter in Kentucky's Automated Standard Application Payments (ASAP) accounts on September 3, 2024.

DECLARATION OF REBECCA W.
GOODMAN IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION
No. 2:25-cv-02015-TMC

3

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

**Kentucky Plans and Designs its SFA Offerings**

13.     Between the date of its award and December 2024, the Cabinet negotiated its work plan and budget with EPA. On January 7, 2025, the Cabinet submitted its final Work Plan to EPA. The Work Plan outlined the Cabinet's plan for planning, designing, and implementing an SFA Program within Kentucky.  A true and correct copy of the Cabinet's Work Plan is attached hereto as Exhibit 2. During this time, Kentucky was limited to using no more than 2% of its SFA award for certain costs related to developing the Work Plan.

14.     The Cabinet's Work Plan proposed a five-point strategy for utilization of Solar for All funding. These strategies included 1) the installation of Solar + Storage solutions on new housing for natural disaster victims in order to increase resilience for those impacted by devastating tornados and historic flooding in the Commonwealth; 2) increasing community access to existing community solar projects for Low Income Home Energy Assistance Program (LIHEAP) households; 3) installation of solar solutions for weatherization program participants; 4) develop solarization campaigns in metropolitan planning areas to streamline the interconnection process and deploy bulk procurement models to assist in driving down the cost of solar installations; and 5) subsidizing low income carve outs to a Community Solar Resilience Hub demonstration project, focusing on weatherization, LIHEAP, and electric dependent medical device households in grid vulnerable areas. EPA approved Kentucky's work plan on December 19, 2024, and the funding restriction was lifted. EPA incorporated the work plan into the Agreement with Kentucky. A true and correct copy of Kentucky's revised Assistance Agreement is attached hereto as Exhibit 3.

15.     Pursuant to its approved Work Plan, the Cabinet elected to take a full Program Planning period to design and ready for implementation its SFA program.

16.     During this year, the Cabinet did the following:

    a.  The Cabinet worked extensively with EPA to prepare a workplan with a format and tracking metrics that met the requirements for EPA approval.

DECLARATION OF REBECCA W. GOODMAN IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION No. 2:25-cv-02015-TMC

4

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

Additional time was spent preparing a Quality Management Plan and Quality Assurance Project Plan as required through EPA's quality assurance obligations. Staff spent a significant amount of time working on and learning about program design and effective implementation. The Cabinet also purchased new software with funding not provided through Solar for All in order to better respond to grant management, invoicing, and compliance oversight needs associated with the grant. Staff also worked through strategies to ensure compliance with Federal laws and regulations, including the Davis Bacon Act and Build America Buy America.

17.     The Cabinet also used the Program Planning period to further develop the five (5) programs outlined in its application. For example, the Cabinet did the following:

   a.   The Cabinet held large stakeholder meetings to obtain feedback on work and project development plans. The Cabinet also attended workshops and conferences to speak about the program to elicit interest and identify potential partners.

   b.   The Cabinet drafted and finalized contracts with three (3) vendor partners to accomplish solar panel installation on recovery housing in areas of the state damaged by natural disasters and also to provide workforce development training in solar installation.

18.     The Cabinet has been actively working on designing and preparing to launch its SFA programming throughout 2025 and entered into contracts with the previously mentioned vendors in August of 2025 for the purpose of moving forward with providing SFA program services.

19.     After ongoing discussions with EPA about the SFA workplan, the Cabinet was notified by EPA on July 28, 2025, that it had provided the information necessary to meet the

DECLARATION OF REBECCA W.
GOODMAN IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION
No. 2:25-cv-02015-TMC

5

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

1  requirements of the federal agency and could proceed with contracts with the three proposed

2  sub-awardees for solar panel installation on recovery homes and workforce development

3  training. *See* approval email, attached as **Exhibit 3.**

4  <u>**EPA Eliminates the Solar For All Program and Terminates Kentucky's SFA Grant**</u>

5  20.    On August 7, 2025, I became aware that EPA had decided to terminated the SFA

6  program. EPA first announced the decision through an X post from EPA Administrator Zeldin.

7  The post is reproduced below.[1]

8


9

10  The One Big Beautiful Bill eliminated the Greenhouse Gas Reduction
   Fund, which included a $7 billion pot called "Solar for All".

11

12  In some cases, your tax dollars were diluted through up to FOUR pass-
   through entities, each taking their own cut off the top!

13

14  The bottom line is this: EPA no longer has the statutory authority to
   administer the program or the appropriated funds to keep this

15  boondoggle alive.

16

17  Today, the Trump EPA is announcing that we are ending Solar for All for
   good, saving US taxpayers ANOTHER $7 BILLION!

18

19  21.    Later that same day, the Cabinet received a letter from EPA terminating

20  Kentucky's SFA grant. A true and correct copy of the letter is attached hereto as Exhibit 4.

21  22.    The letter stated that the One Big Beautiful Bill Act (OBBBA) had repealed the

22  underlying authority for the SFA program and rescinded unobligated amounts to carry out the

23  program. EPA stated that it believed OBBBA had "effectively and completely terminated the

24  statutory authority and all appropriations related to Solar for All" and "no longer possesses either

25

26  ————————————
   [1]    Lee   Zeldin   (@epaleezeldin),   X   (Aug.   7,   2025,   11:07   AM),
   https://x.com/epaleezeldin/status/1953518426602803684

the substantive legal authority or the financial appropriations" needed to continue the SFA program.

23.    Prior to the termination notice, Kentucky's ASAP account contained the $62,009,293.78 of Kentucky's SFA award that had not been utilized during the planning period. On August 8, 2025, however, I learned that the amount available in the Cabinet's ASAP account for the SFA program had been reduced without explanation by $57,668,643.22. The "available balance" on the account has been substantially reduced from $62,009,293.78 to $4,340,650.56, and the performance end date was changed from August 31, 2029, to August 8, 2025.

24.    To date, EPA has not provided the Cabinet with any explanation regarding the changes made to the Cabinet's ASAP account.

25.    On August 29. 2025, pursuant to the Assistance Amendment, the Cabinet submitted a Notice of Disagreement to EPA's Award Official, Devon Brown. A true and correct copy of the Notice of Disagreement is attached hereto as Exhibit 5.

26.    On September 5, 2025, pursuant to the Termination Letter, the Cabinet submitted a Dispute of Termination to EPA's Dispute Decision Official, Michael Molina. A true and correct copy of the Dispute of Termination is attached hereto as Exhibit 6.

27.    On October 1, 2025, the Cabinet received an email containing instructions on how the Cabinet was to closeout its SFA grant. This email did not acknowledge Kentucky's pending administrative dispute. A true and correct copy of this email is attached hereto as Exhibit 7.

28.    On October 28, 2025, the Cabinet received a letter from EPA stating that it had determined that the Cabinet's administrative dispute was moot. A true and correct copy of this letter is attached hereto as Exhibit 8.

29.    The Cabinet intends to respond to the EPA letter objecting to its assertion of mootness.

DECLARATION OF REBECCA W.
GOODMAN IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION
No. 2:25-cv-02015-TMC

7

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

**Termination of the Solar for All Program Has and Will Harm Kentucky and its Residents**

30.     The loss of the Solar for All Program will harm Kentucky and its residents.

31.     Between the various programs the Cabinet intended to offer using the funding EPA awarded pursuant to the SFA program, the Cabinet was expecting to serve approximately 5,700 households in the most energy burdened areas of the Commonwealth, reducing utility bills by 20-70%. Initial estimates expected through the SFA program showed potential average annual household savings of more than $410, resulting from low-income programming enabled by the SFA federal funding. With the loss of the previously obligated funds, the Cabinet will no longer be able to offer solar energy installation in recovery housing being developed across rural parts of the state most critically impacted by historic destruction from 2021 tornadoes in western Kentucky and 2022 flooding in eastern Kentucky.

32.     In addition, Kentucky's SFA Program expected to create new green jobs in Kentucky's solar industry through $4,825,000 in funding that was set aside for work ready scholarships focused on solar installation training, Employer Apprenticeship Support, and Area Technology Center Solar Workforce support. Through these programs, Kentucky's Solar for All program was positioned to expand workforce partnerships to create equitable pathways clean energy infrastructure jobs. The inability to carry out those objectives in the absence of previously obligated SFA funds compounds the harm already caused to the solar industry by the Trump Administration's early end of federal tax credits for distributed solar.

33.     The premature end of the SFA Program also harms Kentucky as an employer. The Cabinet used SFA funding to hire one full-time employee, and also entered into contracts totaling $27,131,938,00 with Kentucky vendors for solar energy installation. Now that the SFA Program has been terminated, the contracts for solar energy installation cannot move forward and those vendor relationships will be lost. The loss of SFA funding will impact the Cabinet's

DECLARATION OF REBECCA W. GOODMAN IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION No. 2:25-cv-02015-TMC

8

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

ability to partner with organizations and leverage existing programs to provide the most assistance in Kentuckians in need.

34.    Kentucky designed its Solar for All workplan in such a way that efforts under the funding would be braided into the Cabinet's Inflation Reduction Act (IRA) Home Energy Rebate funding in order to maximize and leverage the amount of funding available to low-income homes for energy conservation upgrades. The loss of awarded SFA funding results in the inability to reduce energy burden in the portions of the state most in need. Additionally, SFA funding presented a foundational opportunity to become more closely involved with the Kentucky Weatherization Assistance Program and to maximize streams of federal funding while extending the reach of weatherization services to low-income households. Moreover, the Cabinet acted in reasonable reliance on its fully-obligated SFA funding continuing to be available. Kentucky expended the full-time work hours of 2.5 full-time employees on the development of SFA programming. In so doing, the Cabinet could not concentrate efforts on additional funding opportunities and program structures, because of the focus required to satisfy the requirements of EPA for SFA programming and the development of a comprehensive program that would most greatly benefit Kentuckians. There is no way to recover this lost time or effort.

35.    The Cabinet cannot implement and operate its own Solar for All program without the administrative support and funding provided by EPA's Solar for All program. The Cabinet is not allotted sufficient state funding to implement the programs planned under the SFA program. Without SFA funding, these programs simply cannot be accomplished.

36.    The SFA program also allowed the Cabinet to work closely with EPA in developing and implementing its work plan.  EPA provided crucial programmatic support to Cabinet including the provision of technical assistance, documentation, and research surrounding cybersecurity and modeling that were to inform Kentucky's overall implementation of the program.  Additionally, EPA was to provide guidance to the Cabinet's subrecipients on federal statutory requirements surrounding workforce, and issues involving data collection,

DECLARATION OF REBECCA W.
GOODMAN IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION
No. 2:25-cv-02015-TMC

9

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744

consumer protection, and quality assurance.    That ongoing collaboration and programmatic support had value to the Cabinet and the loss of that collaboration and programmatic support cannot be remedied through funding alone.

### Conclusion

37.    EPA's decision to terminate the entire Solar for All program has caused and will continue to cause irreparable harm to Kentucky and its residents.

I declare under penalty of perjury under the laws the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 7th day of November, 2025, at Frankfort, Kentucky.

Rebecca W. Goodman
Secretary
Kentucky Energy and Environment
Cabinet

DECLARATION OF REBECCA W.
GOODMAN IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION
No. 2:25-cv-02015-TMC

10

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
(206) 464-7744