# EXHIBIT 13



160 North LaSalle St.
Suite S-1000
Chicago, IL 60601
312-651-1300
312-651-1350 fax
www.il-fa.com

From: Christopher B. Meister, Executive Director
Illinois Finance Authority
160 N. LaSalle Street, Ste S-1000
Chicago, IL 60601

To: Devon Brown, EPA Award Official
U.S. Environmental Protection Agency
Office of the Greenhouse Gas Reduction Fund
Office of the Administrator
1200 Pennsylvania Avenue NW
Washington, DC 20460

Date: November 5, 2025

Re:    Objection to Closeout of EPA Assistance Agreement 5H-84090501

Dear Mr. Brown:

On September 5, 2025, the Illinois Finance Authority (IFA) submitted to the U.S.
Environmental Protection Agency (EPA) a Dispute of Termination of EPA Assistance
Agreement 5H-84090501 pursuant to 2 C.F.R. § 1500.15. Despite that timely dispute, on
October 1, 2025, IFA received email correspondence from SFA@epa.gov containing "Solar
for All Grant Closeout Instructions" and demanding that IFA complete closeout within 120
calendar days of the "the date of termination that is listed in your award amendment." IFA has
now received EPA's October 28, 2025 letter purporting to declare moot IFA's "dispute
regarding the termination of Assistance Agreement 5H-84090501." The sole basis for EPA's
mootness determination is that "there is a current lawsuit in place regarding the validity of the
termination of your assistance agreement."

We write to obtain clarification regarding EPA's mootness determination and to formally
object to EPA's demand that IFA close out Assistance Agreement 5H-84090501.

As an initial matter, clarification is needed because EPA's October 28, 2025 letter references
"your dispute . . . submitted on August 28, 2025." But IFA did not submit its Part 1500 dispute
on August 28, 2025. Rather, August 28, 2025 is the date that IFA submitted its 21-day Notice
of Disagreement in accordance with EPA's Assistance Amendment dated August 7, 2025
(which was transmitted August 8, 2025). Thus, it is unclear which of IFA's disputes "EPA has
rendered" moot. IFA disagrees with EPA's apparent position that a timely administrative
dispute pursuant to 2 C.F.R. § 1500.15 cannot proceed if related litigation is pending. EPA
cites no authority for this proposition, and we are aware of no authority that would prohibit
EPA from correcting its unlawful termination decision through a streamlined administrative
dispute, rather than through cumbersome litigation. We request that EPA reverse its mootness
determination and allow the administrative dispute to proceed. At a minimum, EPA should
stay the administrative dispute until the conclusion of IFA's lawsuit challenging EPA's
termination of the Solar for All program in the United States District Court for the Western
District of Washington, No. 2:25-cv-02015 (the District Court litigation).

1



More importantly, and regardless of any determination regarding the status of IFA's administrative challenges to the termination, closeout is improper at this time.

As you are aware, in addition to the District Court litigation, IFA has sued for damages in the United States Court of Federal Claims over EPA's termination of this grant, No. 1:25-cv-01738-LAS. It would be inappropriate and prejudicial to require IFA to close out while litigation is pending that directly concerns EPA's termination of this grant. *Cf.* 48 C.F.R. § 4.804-1(c) (for procurement contracts, "[a] contract file shall not be closed if—(1) The contract is in litigation or under appeal").

Moreover, under 2 C.F.R. § 200.344(a), EPA may close out a grant only after it "determines that all administrative actions and required work of the Federal award have been completed." IFA has complied—and continues to comply—with the terms and conditions of the Solar for All program. EPA unilaterally terminated these grants and illegally deobligated $133,946,579.89 from IFA's Automated Standard Application for Payments (ASAP) account, without determining that the work of the grants had been accomplished, and without even waiting for 30-day deadline to file a Part 1500 dispute to expire. As a result of EPA's unlawful actions, IFA has not been able to complete the work required under Assistance Agreement 5H-84090501. Accordingly, EPA necessarily cannot "determine[] that all administrative actions and required work of the Federal award have been completed" as would be required to close out.

IFA does not agree to close out Assistance Agreement 5H-84090501 while litigation relating to this grant is pending. We seek an extension for our close-out date until all litigation has been resolved, including any appeals. Additionally, we do not accept any unilateral actions on the part of the EPA to commence close-out procedures without our express and informed consent, as well as our provision of the information required under 2 C.F.R. § 200.344(b)–(c).

Please confirm receipt of this correspondence no later than 5:00pm on November 6, 2025.


Regards,

Christopher B. Meister, Executive Director
Illinois Finance Authority
CMeister@il-fa.com

CC:
Michael Molina, EPA Dispute Decision Official, molina.michael@epa.gov