The Honorable Tiffany M. Cartwright

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| STATE OF ARIZONA, et al., <br><br> PLAINTIFFS, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> DEFENDANTS. | NO. 2:25-CV-02015-TMC <br><br> DECLARATION OF C.L. JUNINE SO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION <br><br> ORAL ARGUMENT SET: JANUARY 8, 2026, AT 1:30 PM |

I, C.L. Junine So, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am over the age of 18, competent to testify as to the matters herein, and make this declaration based on my personal knowledge. I am an Assistant Attorney General and one of the attorneys representing Plaintiff State of Washington in the above-captioned matter.

2. I submit this declaration in support of Plaintiffs' Reply in Support of the Motion for Preliminary Injunction.

3. The facts set forth herein are based upon my personal knowledge and a review of the files in my possession.

4. On November 6, 2025, counsel for Plaintiffs and Defendants met for the first time after the filing of the Complaint. During that call, Plaintiffs' counsel shared that they were

DECLARATION OF C.L. JUNINE SO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
No. 2:25-CV-02015-TMC

1

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

1  prepared to file a motion for preliminary relief, but indicated that they could forego the motion if EPA could provide assurances related to Plaintiffs' administrative appeals, closeout obligations, and location of the SFA funds. Plaintiffs requested a response by close of business on November 10.

5. The parties were unable to reach an agreement on November 10. Instead, Defendants' counsel directed Plaintiffs to briefing they had filed in *Harris County v. E.P.A.*, No. 1:25-cv-03646 (D.D.C.). This did not resolve Plaintiffs' concerns. Plaintiffs requested that Defendants provide specific assurances beyond the arguments made in briefing in the *Harris County* matter, and informed Defendants that if they refused, Plaintiffs would file their motion for preliminary injunction by the end of the week. Plaintiffs received no response to this request.

6. On November 14, Plaintiffs' counsel again reached out to Defendants, having learned that Defendants had reached an agreement with Harris County that would resolve the issues raised in Plaintiffs' anticipated motion. Given the similarities in the assurances requested by Harris County and Plaintiffs, Plaintiffs anticipated that they would be able to reach a similar agreement as Harris County. Plaintiffs requested a response from EPA by 2 PM Eastern. Defendants were unable to provide a response, and Plaintiffs filed their motion later that day, *see* Dkt. No. 64. A true and accurate copy of the emails exchanged between November 6 and November 14 are attached hereto as **Exhibit A.**

7. The parties resumed their conversations on November 18, when Defendants shared for the first time that they intended to file a motion to transfer venue to the District Court for the District of Columbia. Plaintiffs reiterated their request for assurances that would allow them to withdraw their motion for preliminary relief. Plaintiffs requested a response by close of business on November 24.

8. On November 26, having not received an answer from Defendants by the requested deadline, the parties met and conferred. During that call, counsel for Defendants indicated that EPA would agree to Plaintiffs' assurances, but only if Plaintiffs agreed to transfer

DECLARATION OF C.L. JUNINE SO IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
No. 2:25-CV-02015-TMC

2

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744

this case to the District of Columbia. Plaintiffs informed Defendants that they would not agree to transfer in exchange for these assurances. Plaintiffs' counsel pointed out the fact that plaintiffs and federal defendants have routinely agreed to enter into stipulations to maintain the status quo while briefing motions for preliminary relief. Plaintiffs drafted a stipulation to this effect and proposed it to Defendants. However, on December 2, Defendants refused to give any of the assurances Plaintiffs requested, and refused to agree to the stipulation. A true and accurate copy of the emails exchanged between November 18 and December 2 are attached hereto as **Exhibit B.**

9. On December 9, 2025, EPA filed a motion to stay in Plaintiffs' parallel case proceeding in the United States Court of Federal Claims. In the motion, Defendants argue the Court of Federal Claims matter should be stayed pending litigation in the district court, in part because Plaintiffs may "obtain a final district court order requiring the EPA to reinstate grant agreements." Defendants' Motion to Stay, *Maryland Clean Energy Ctr. v. United States*, Case No. 1:25-cv-01738-LAS, Dkt. No. 50, at 1 (Fed. Cl. Dec. 9, 2025). A true and accurate copy of EPA's motion is attached hereto as **Exhibit C.**

I declare under penalty of perjury under the laws the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 10th day of December, 2025, at Seattle, Washington.

/s/ *C.L. Junine So*
C.L. JUNINE SO, WSBA #58779
Assistant Attorney General

DECLARATION OF C.L. JUNINE SO
IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY
INJUNCTION
No. 2:25-CV-02015-TMC

3

ATTORNEY GENERAL OF WASHINGTON
Environmental Protection Division
800 Fifth Avenue STE 2000
Seattle, WA 98104
206-464-7744