# EXHIBIT A

| From: | Carney, Tiffiney (CIV) |
|---|---|
| To: | Curtin, Mary; Hsu, I-Heng (CIV) |
| Cc: | So, Junine (ATG); Smith-Levy, Sarah E. (ATG); Jamieson, Keith; Marks, Lauren (OAG); Hughes, Andrew (ATG); Heintz, Tera M. (ATG); Brian Carter |
| Subject: | Re: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.) |
| Date: | Friday, November 14, 2025 11:06:55 AM |
| Attachments: | image001.png |
| | image004.png |

<div style="border:1px solid #c9a227; background:#fdf3d0; padding:2px;">[EXTERNAL]</div>

Mary and counsel - I unfortunately do not have any more information to share with you, as we are still working internally on both your request and Harris County's request.  As soon as I get more information, I will let you know.  EPA is aware that the state-plaintiffs are planning to file a PI this afternoon.

Thank you,
Tiffiney

Tiffiney F. Carney
U.S. Department of Justice
(202) 598-7521

Get Outlook for iOS
_____

**From:** Curtin, Mary <Mary.Curtin@azag.gov>
**Sent:** Friday, November 14, 2025 11:26:04 AM
**To:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>
**Subject:** [EXTERNAL] RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Tiffiney,

The States plan to file our PI motion this morning, but understand that Harris County may be close to reaching an agreement with EPA that would resolve similar issues raised in its PI/TRO motions.  If that's true, we think it is likely that the States and EPA could come to an agreement in this case that would allow the parties to avoid lengthy PI briefing.

Would you let us know by 2 PM ET today whether EPA can provide the assurances below?

Thanks very much,

Mary

**Mary M. Curtin**
Senior Litigation Counsel, Special Litigation & Government Accountability



Arizona Attorney General Kris Mayes
Solicitor General's Office
2005 N. Central Ave., Phoenix, AZ 85004
Direct: 602-542-8304
Mary.Curtin@azag.gov
http://www.azag.gov

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender and destroy all copies of the original message. Thank you.

---

**From:** Curtin, Mary
**Sent:** Wednesday, November 12, 2025 2:16 PM
**To:** 'Carney, Tiffiney (CIV)' <Tiffiney.Carney@usdoj.gov>; 'Hsu, I-Heng (CIV)' <I-Heng.Hsu@usdoj.gov>
**Cc:** 'So, Junine (ATG)' <Junine.So@atg.wa.gov>; 'Smith-Levy, Sarah E. (ATG)' <sarah.e.smith-levy@atg.wa.gov>; 'Jamieson, Keith' <kjamieson@oag.state.md.us>; 'Marks, Lauren (OAG)' <lauren.marks@dc.gov>; 'Hughes, Andrew (ATG)' <andrew.hughes@atg.wa.gov>; 'Heintz, Tera M. (ATG)' <tera.heintz@atg.wa.gov>; 'Brian Carter' <Brian.Carter@ag.state.mn.us>
**Subject:** RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

We have reviewed Mr. Treml's declaration in support of EPA's opposition in the Harris County matter. We agree that the representations at paragraphs 5-7 adequately explain where the removed funds are located. However, it is unclear to us whether EPA's representation that the funds "will remain available until September 30, 2031 . . . to satisfy any remaining obligations for allowable costs under the Solar for All grant agreements" means that EPA does not intend to reprogram or spend any of "the Solar for All grant funds" (other than for the "allowable costs" identified) that are in the Treasury Account identified in paragraph 7. If EPA can provide such assurance, we will not seek a PI on those grounds.

And, as we discussed on Monday, we still seek EPA's assurances regarding the items below:

1. Closeout pursuant to 2 CFR 200.344(a) and Plaintiffs' deadline to closeout their grants pursuant to 2 CFR 200.344(b) are stayed, and the funds that are currently reflected in Plaintiffs' ASAP accounts will remain there for the duration of the District Court litigation.
2. EPA will hold Plaintiffs' administrative appeals in abeyance for the duration of the District Court litigation.

Please let us know as soon as possible whether EPA will stipulate to the above. Otherwise, we intend to file our PI motion this week.

And, of course, if a call would be helpful, please let us know.

Mary

**Mary M. Curtin**
Senior Litigation Counsel, Special Litigation & Government Accountability

 Arizona Attorney General Kris Mayes
Solicitor General's Office
2005 N. Central Ave., Phoenix, AZ 85004
Direct: 602-542-8304
Mary.Curtin@azag.gov
http://www.azag.gov

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender and destroy all copies of the original message. Thank you.

**From:** Curtin, Mary
**Sent:** Monday, November 10, 2025 8:04 PM
**To:** 'Carney, Tiffiney (CIV)' <Tiffiney.Carney@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>
**Subject:** RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Thanks very much, Tiffiney.  We will review and follow up on Wednesday.

**From:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>
**Sent:** Monday, November 10, 2025 7:34 PM
**To:** Curtin, Mary <Mary.Curtin@azag.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>
**Subject:** RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Mary and counsel,

Please see attached PI opposition and supporting declaration that we just filed in the Harris County SFA litigation.  I believe EPA's statements in the declaration are responsive to at least a couple points in your email requesting EPA's assurance about the status of the grant funds.  As soon as I'm back in the office on Wednesday, I am hoping to turn EPA's attention to your proposed schedule and closeout and grant-specific assurances now that we've filed the Harris County opposition.

Let me know if you have any questions or would like to discuss anything in the meantime.

Thank you,

Tiffiney

Tiffiney F. Carney
U.S. Department of Justice
(202) 598-7521

---

**From:** Curtin, Mary <Mary.Curtin@azag.gov>
**Sent:** Monday, November 10, 2025 3:30 PM
**To:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>
**Subject:** [EXTERNAL] RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Thanks, Tiffiney.

Assuming that we can come to an agreement as to the assurances below and that Defendants are willing to forgo a Motion to Dismiss, we would propose the following schedule:

1. Defendants file the administrative record on or before December 19
2. Plaintiffs file MSJ on January 23
3. Defendants file their response and any cross-MSJ by February 20
4. Plaintiffs file their reply and any response by March 13
5. Defendants file any reply by March 27
6. Defendants may defer response to the complaint until after ruling on MSJs

Because Judge Cartwright favors four-part briefing schedules, we would also propose to include in any stipulation an appropriate adjustment to the presumptive word limits.

Mary

**Mary M. Curtin**
Senior Litigation Counsel, Special Litigation & Government Accountability



Arizona Attorney General Kris Mayes
Solicitor General's Office
2005 N. Central Ave., Phoenix, AZ 85004
Direct: 602-542-8304
Mary.Curtin@azag.gov
http://www.azag.gov

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender and destroy all copies of the original message. Thank you.

---

**From:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>

**Sent:** Monday, November 10, 2025 10:02 AM
**To:** Curtin, Mary <Mary.Curtin@azag.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>
**Subject:** RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Counsel – we are still working on getting a response to your proposal, though I don't believe we discussed what an expedited summary judgment schedule would look like.  Do you all have a proposed schedule in mind?

Thank you,
Tiffiney

Tiffiney F. Carney
U.S. Department of Justice
(202) 598-7521

---

**From:** Carney, Tiffiney (CIV)
**Sent:** Thursday, November 6, 2025 3:30 PM
**To:** 'Curtin, Mary' <Mary.Curtin@azag.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>
**Subject:** RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Thanks, Mary.  It was good speaking to you and other states' counsel today.  I will work on getting a response from EPA as soon as possible and hopefully before 5pm on Monday.

Thank you,
Tiffiney

Tiffiney F. Carney
U.S. Department of Justice

---

**From:** Curtin, Mary <Mary.Curtin@azag.gov>
**Sent:** Thursday, November 6, 2025 3:14 PM
**To:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>
**Subject:** [EXTERNAL] RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Tiffiney and I-Heng,

Thanks again for the time today.  As we discussed, the States would prefer to proceed to expedited summary judgment in this case.  However, the States are very concerned that EPA intends to reprogram the funds it had obligated to the Solar for All Program in 2024, and would like to know the location of the funds that were removed from the States' ASAP accounts shortly after EPA terminated the Solar for All Program.

The States are prepared to file a PI motion in the near term that would ask the Court to enjoin EPA further unwinding the Solar for All program.  However, we may be able to avoid a PI motion if EPA can provide the following assurances:

1. Closeout pursuant to 2 CFR 200.344(a) and Plaintiffs' deadline to closeout their grants pursuant to 2 CFR 200.344(b) are stayed for the duration of the District Court litigation
2. EPA will hold Plaintiffs' administrative appeals in abeyance for the duration of the District Court litigation
3. The funds that are currently in EPA's ASAP accounts will remain there for the duration of the District Court litigation.
4. The funds that EPA has already removed from Plaintiffs' ASAP accounts will not be reprogrammed for non-Solar for All purposes for the duration of the District Court litigation.

If EPA can provide these assurances, the States would be willing to forgo the PI in favor of an expedited briefing schedule on the merits (which may or may not include a motion to dismiss from Defendants).

In addition, we request that you ask EPA where the funds that were removed from the State's ASAP accounts currently are located, which may affect the issues that need to be addressed in this litigation.

We are seeking a response by 5:00pm ET on Monday, 11/10.

Look forward to hearing from you,

Mary


**Mary M. Curtin**
Senior Litigation Counsel, Special Litigation & Government Accountability



Arizona Attorney General Kris Mayes
Solicitor General's Office
2005 N. Central Ave., Phoenix, AZ 85004
Direct: 602-542-8304
Mary.Curtin@azag.gov
http://www.azag.gov

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender and destroy all copies of the original message. Thank you.

**From:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>
**Sent:** Wednesday, November 5, 2025 10:10 AM
**To:** Curtin, Mary <Mary.Curtin@azag.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>
**Subject:** RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Yes, that works for us.  I'll send a Teams invitation shortly.

**From:** Curtin, Mary <Mary.Curtin@azag.gov>
**Sent:** Wednesday, November 5, 2025 11:56 AM
**To:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>
**Subject:** [EXTERNAL] RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Thanks so much for your prompt outreach, Tiffiney.  We are available between 12-1ET tomorrow, if there is a window in there that works for you and I-Heng.  I am copying a few more of my colleagues on this thread.  Please include them on any calendar invites.

Look forward to working with you,

Mary

**Mary M. Curtin**
Senior Litigation Counsel, Special Litigation & Government Accountability



Arizona Attorney General Kris Mayes
Solicitor General's Office
2005 N. Central Ave., Phoenix, AZ 85004
Direct: 602-542-8304
Mary.Curtin@azag.gov
http://www.azag.gov

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender and destroy all copies of the original message. Thank you.

**From:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>

**Sent:** Wednesday, November 5, 2025 8:45 AM
**To:** Curtin, Mary <Mary.Curtin@azag.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Brown, Leah (ATG) <leah.brown@atg.wa.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Subject:** RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Hello Mary,

It's nice to meet you over email. As Kirk mentioned, my colleague I-Heng and I will be representing EPA in this litigation. I am a bit tied up today but tomorrow and Friday before 4pm ET (2pm MT) are open. Let me know if there is a good time for you and your team.

Thank you,
Tiffiney

Tiffiney F. Carney
U.S. Department of Justice
(202) 598-7521

---

**From:** Manhardt, Kirk (CIV) <Kirk.Manhardt@usdoj.gov>
**Sent:** Wednesday, November 5, 2025 9:51 AM
**To:** Curtin, Mary <Mary.Curtin@azag.gov>; Sacks, Marcus S. (CIV) <Marcus.S.Sacks@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Brown, Leah (ATG) <leah.brown@atg.wa.gov>; Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Subject:** RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Hi Mary,

You may have seen Tiffiney Carney's notice of appearance on the docket now. She and I-Heng Hsu should be in contact shortly.

Kirk

---

**From:** Curtin, Mary <Mary.Curtin@azag.gov>
**Sent:** Tuesday, November 4, 2025 4:48 PM
**To:** Sacks, Marcus S. (CIV) <Marcus.S.Sacks@usdoj.gov>; Manhardt, Kirk (CIV) <Kirk.Manhardt@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Brown, Leah (ATG) <leah.brown@atg.wa.gov>
**Subject:** [EXTERNAL] RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Alex,

Thanks very much for your response and the connection – we know you are busy.

Kirk or Marc – we have some questions for the attorney(s) handling this case. When you are able, please let us know to whom we should direct those questions.

Best,

Mary (counsel for the State of Arizona)

**Mary M. Curtin**
Senior Litigation Counsel, Special Litigation & Government Accountability



Arizona Attorney General Kris Mayes
Solicitor General's Office
2005 N. Central Ave., Phoenix, AZ 85004
Direct: 602-542-8304
Mary.Curtin@azag.gov
http://www.azag.gov

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender and destroy all copies of the original message. Thank you.

**From:** Haas, Alex (CIV) <Alex.Haas@usdoj.gov>
**Sent:** Monday, November 3, 2025 8:57 AM
**To:** Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Brown, Leah (ATG) <leah.brown@atg.wa.gov>; Curtin, Mary <Mary.Curtin@azag.gov>; Manhardt, Kirk (CIV) <Kirk.Manhardt@usdoj.gov>; Sacks, Marcus S. (CIV) <Marcus.S.Sacks@usdoj.gov>
**Subject:** RE: State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Hi Sarah,

My sincere apologies for my delayed response. This slipped through my email box at the end of last week. I'm copying my colleagues Kirk Manhardt and Marc Sacks who can connect you with the right attorneys in Civil's Corp/Fin office.

Take care,

Alex

Alexander K. Haas
Director, Federal Programs Branch
Civil Division, U.S. Department of Justice
(202) 514-1259
alex.haas@usdoj.gov

**From:** Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>

**Sent:** Wednesday, October 29, 2025 1:17 PM
**To:** Haas, Alex (CIV) <Alex.Haas@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Brown, Leah (ATG) <leah.brown@atg.wa.gov>; Curtin, Mary <mary.curtin@azag.gov>
**Subject:** [EXTERNAL] State of Arizona v. EPA - Case No. 2:25-cv-02015-TMC (W.D. Wash.)

Alex,

My name is Sarah Smith-Levy. I'm an Assistant Attorney General for the State of Washington and counsel of record for the State in *State of Arizona v. EPA*, Case No. 2:25-cv-02015-TMC (W.D. Wash.). I'm reaching out to see if you may know who will be handling the case on behalf of the federal defendants.

Thank you,

Sarah

Sarah E. Smith-Levy (she/her)
Assistant Attorney General – Complex Litigation Division
Washington State Attorney General's Office
Desk: (206) 389-3848
Cell: (206) 867-6376

# EXHIBIT B

| | |
|---|---|
| **From:** | VanLandingham, Kevin P. (CIV) |
| **To:** | Curtin, Mary; Carney, Tiffiney (CIV); Hsu, I-Heng (CIV) |
| **Cc:** | So, Junine (ATG); Smith-Levy, Sarah E. (ATG); Jamieson, Keith; Marks, Lauren (OAG); Hughes, Andrew (ATG); Heintz, Tera M. (ATG); Brian Carter; Theriot , Bethany (CIV) |
| **Subject:** | RE: Arizona v. EPA, 2:25-cv-02015 (W.D. Wash.) |
| **Date:** | Tuesday, December 2, 2025 9:00:52 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

[EXTERNAL]

Mary,

Thank you. To answer your question: yes, you are correct that EPA will not agree to stay closeout deadlines or any administrative proceedings that remain pending, either through judgment or through resolution of plaintiffs' motion for preliminary injunction. You had before indicated that plaintiffs would request a temporary restraining order absent an agreement with EPA to stay its proceedings. Defendants would oppose any TRO request. Among other reasons, Plaintiffs have had notice of closeout deadlines for months now. And there is otherwise no true emergency here. In conferring, Plaintiffs were unable to describe any concrete effects from proceeding with closeout. Any consequences from initiating closeout are instead merely financial, which cannot constitute irreparable injury, especially given that funds from the terminated grants will be held in an account available to satisfy any remaining obligations on the grants for years to come.

If plaintiffs nevertheless choose to proceed with a request for a temporary restraining order, Defendants expect to file a consolidated brief opposing both the TRO request and plaintiffs' pending motion for preliminary injunction in advance of the Dec. 5 deadline to respond to the preliminary injunction motion. To accommodate a single brief opposing both motions, Defendants plan to request an additional 4,200 words, for a total of 12,600 words, for the consolidated opposition brief. Please let us know if plaintiffs oppose this request.

Kevin P. VanLandingham
U.S. Department of Justice
202-307-1134

---

**From:** Curtin, Mary <Mary.Curtin@azag.gov>
**Sent:** Wednesday, November 26, 2025 2:12 PM
**To:** VanLandingham, Kevin P. (CIV) <Kevin.P.VanLandingham@usdoj.gov>; Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>; Theriot , Bethany

(CIV) <Bethany.Theriot@usdoj.gov>

**Subject:** [EXTERNAL] RE: Arizona v. EPA, 2:25-cv-02015 (W.D. Wash.)

Counsel,

Before heading into the holiday weekend, we wanted to close the loop on a few outstanding items from our discussion Monday.

First, the States had asked for Defendants' final answer regarding our requested assurances by EOD on Monday.  Having heard nothing, we assume that Defendants' final answer is no; please correct us if we are wrong in this understanding.

Second, you had suggested that Defendants may reconsider granting these assurances if the States would consent to transfer to DDC.  The States will not consent to transfer, and will oppose Defendants' pending motion.

Finally, we had proposed that, if Defendants were unwilling to stay the States' administrative disputes and closeout enforcement through judgment, a reasonable middle ground might be to agree to such a stay only through decision on the PI, essentially a one-month extension on closeout. We believe that this compromise is fair, reasonable, and consistent with stipulations that the States and DOJ have filed in similar cases. *See, e.g., Vera Inst. of Justice v. U.S. Dep't of Justice*, Case No. 1:25-cv-01643-APM, Dkt. No. 29 (D.D.C. June 10, 2025) (stipulating to stay certain closeout obligations pending resolution of plaintiffs' motion for preliminary injunction); *New York v. U.S. Dep't of Justice*, Case No. 1:25-cv-00345-MSM-PAS, Dkt. No. 46 (D.R.I. July 30, 2025) (stipulating to stay enforcement of challenged policies pending resolution of plaintiffs' motion for preliminary injunction).

We've prepared a draft stipulation to that effect.  The stipulation also proposes some additional time for both sides in briefing the PI motion, now that we have a date-certain for our hearing.  Please let us know by 12PM ET on Tuesday, December 2 whether Defendants will stipulate as proposed, and whether we may add your digital signature and file.

Thanks,

Mary


**Mary M. Curtin**
Senior Litigation Counsel, Special Litigation & Government Accountability



Arizona Attorney General Kris Mayes
Solicitor General's Office
2005 N. Central Ave., Phoenix, AZ 85004
Direct: 602-542-8304
Mary.Curtin@azag.gov
http://www.azag.gov

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender and destroy all

copies of the original message. Thank you.

---

**From:** VanLandingham, Kevin P. (CIV) <Kevin.P.VanLandingham@usdoj.gov>
**Sent:** Monday, November 24, 2025 9:31 AM
**To:** Curtin, Mary <Mary.Curtin@azag.gov>; Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>; Theriot , Bethany (CIV) <Bethany.Theriot@usdoj.gov>
**Subject:** RE: Arizona v. EPA, 2:25-cv-02015 (W.D. Wash.)

Thank you. I'll forward a Teams invite this group.

Kevin P. VanLandingham
U.S. Department of Justice
202-307-1134

---

**From:** Curtin, Mary <Mary.Curtin@azag.gov>
**Sent:** Monday, November 24, 2025 11:29 AM
**To:** VanLandingham, Kevin P. (CIV) <Kevin.P.VanLandingham@usdoj.gov>; Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>; Theriot , Bethany (CIV) <Bethany.Theriot@usdoj.gov>
**Subject:** [EXTERNAL] RE: Arizona v. EPA, 2:25-cv-02015 (W.D. Wash.)

Thanks for reaching out, Kevin.  12:30ET today would work on our end.  Would you please include the folks on this email when you send calendaring?

Talk soon,

Mary

**Mary M. Curtin**
Senior Litigation Counsel, Special Litigation & Government Accountability

Arizona Attorney General Kris Mayes
Solicitor General's Office
2005 N. Central Ave., Phoenix, AZ 85004
Direct: 602-542-8304



Mary.Curtin@azag.gov
http://www.azag.gov

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender and destroy all copies of the original message. Thank you.

---

**From:** VanLandingham, Kevin P. (CIV) <Kevin.P.VanLandingham@usdoj.gov>
**Sent:** Monday, November 24, 2025 9:06 AM
**To:** Curtin, Mary <Mary.Curtin@azag.gov>; Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>; Theriot , Bethany (CIV) <Bethany.Theriot@usdoj.gov>
**Subject:** RE: Arizona v. EPA, 2:25-cv-02015 (W.D. Wash.)

Mary, do you have a moment to discuss today? I am free except between 1:30 and 3 pm eastern.

Kevin P. VanLandingham
U.S. Department of Justice
202-307-1134

---

**From:** Curtin, Mary <Mary.Curtin@azag.gov>
**Sent:** Friday, November 21, 2025 5:49 PM
**To:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>; VanLandingham, Kevin P. (CIV) <Kevin.P.VanLandingham@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Cc:** So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>
**Subject:** [EXTERNAL] RE: Arizona v. EPA, 2:25-cv-02015 (W.D. Wash.)

Counsel,

As we have discussed, per EPA's August 7 termination memoranda, the States' 120-day closeout deadline expires in about two weeks.  If EPA will not provide the States the same assurances that it provided to Harris County last week, we may need to take additional steps to protect our interests.

Please let us know by EOD on Monday, November 24, whether EPA can provide those assurances.

We appreciate your continued efforts on this.

Mary


**Mary M. Curtin**
Senior Litigation Counsel, Special Litigation & Government Accountability



Arizona Attorney General Kris Mayes
Solicitor General's Office
2005 N. Central Ave., Phoenix, AZ 85004
Direct: 602-542-8304
Mary.Curtin@azag.gov
http://www.azag.gov

NOTICE: This email, including any attachments, may contain privileged or confidential information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender and destroy all copies of the original message. Thank you.

---

**From:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>
**Sent:** Wednesday, November 19, 2025 8:34 AM
**To:** Curtin, Mary <Mary.Curtin@azag.gov>; So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>
**Cc:** VanLandingham, Kevin P. (CIV) <Kevin.P.VanLandingham@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Subject:** RE: Arizona v. EPA, 2:25-cv-02015 (W.D. Wash.)


Thanks for your response, Mary. All dates and times work for Defendants' counsel. I am still working on your request regarding the closeout procedures, and I hope to get back to you as soon as possible.

Tiffiney F. Carney
U.S. Department of Justice
(202) 598-7521

**From:** Curtin, Mary <Mary.Curtin@azag.gov>
**Sent:** Tuesday, November 18, 2025 6:31 PM
**To:** Carney, Tiffiney (CIV) <Tiffiney.Carney@usdoj.gov>; So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>

**Cc:** VanLandingham, Kevin P. (CIV) <Kevin.P.VanLandingham@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>
**Subject:** [EXTERNAL] RE: Arizona v. EPA, 2:25-cv-02015 (W.D. Wash.)

Thanks for your email, Tiffeney.

We are candidly surprised to hear—for the first time today—that EPA intends to move to transfer this case to D.D.C. so that it can be consolidated with the Harris County matter. No mention was made of the possibility of a transfer motion when we were attempting to negotiate a stipulation that would have avoided briefing for the preliminary injunction motion and move this case to expedited summary judgment briefing. Moreover, under WDWA local rules, a motion to transfer would not be ripe for consideration until after briefing on the preliminary injunction motion is complete and, depending on when EPA files its motion, might not be ripe until after oral argument on the PI.

The States remain amenable to an agreement that will avoid unnecessary briefing, but will not consent to transfer.

In the interest of continuing our prior negotiations, we understand that Harris County has withdrawn its PI and TRO motions based upon representations from EPA that are consistent with the assurances that the States sought prior to filing their PI motion on Friday. We have reviewed Harris County's Notice and see no reason why EPA's representations regarding the status of SFA funds, pending administrative disputes, and closeout should not apply equally to the States in this case. If we are wrong about that, though, the States ask that EPA agree to stay the States' closeout obligations while we brief and argue the PI.

Finally, per the email from Judge Cartwright's chambers yesterday, the States can be available for a hearing on their PI motion on any of the dates proposed by the Court:
      Wednesday, 12/17  (between 9:30 and 2:30)
      Thursday,  12/18 (between 9:30 and 2:30)
      Wednesday, 1/7 (between 9:30 and 2:30)
      Thursday, 1/8 (afternoon)

Please let us know DOJ's availability for a PI hearing by 12pm ET tomorrow so that we can inform the Court.

Mary

---

**From:** Carney, Tiffeney (CIV) <Tiffeney.Carney@usdoj.gov>
**Sent:** Tuesday, November 18, 2025 1:17 PM
**To:** Curtin, Mary <Mary.Curtin@azag.gov>; So, Junine (ATG) <Junine.So@atg.wa.gov>; Smith-Levy, Sarah E. (ATG) <sarah.e.smith-levy@atg.wa.gov>; Jamieson, Keith <kjamieson@oag.state.md.us>; Marks, Lauren (OAG) <lauren.marks@dc.gov>; Hughes, Andrew (ATG) <andrew.hughes@atg.wa.gov>; Heintz, Tera M. (ATG) <tera.heintz@atg.wa.gov>; Brian Carter <Brian.Carter@ag.state.mn.us>
**Cc:** VanLandingham, Kevin P. (CIV) <Kevin.P.VanLandingham@usdoj.gov>; Hsu, I-Heng (CIV) <I-Heng.Hsu@usdoj.gov>

**Subject:** Arizona v. EPA, 2:25-cv-02015 (W.D. Wash.)

Dear Counsel,

We intend to file a motion to transfer this case to the U.S. District Court for the District of Columbia, so that it can be consolidated with *Harris County v. EPA*, No. 1:25-cv-03646 (D.D.C.), as the cases are substantially similar.

Will you please let us know by **12pm ET tomorrow** whether plaintiffs oppose transfer?

Sincerely,
Tiffiney

Tiffiney F. Carney
Trial Attorney
Commercial Litigation Branch
U.S. Department of Justice
tiffiney.carney@usdoj.gov
(202) 598-7521

EXHIBIT C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MARYLAND CLEAN ENERGY CENTER,
et al.,

          Plaintiffs,

          v.

THE UNITED STATES,

          Defendant.

No. 25-1738C
(Senior Judge Smith)

## DEFENDANT'S MOTION TO STAY

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court stay proceedings in this case pending *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015 (W.D. Wash.). In that case, plaintiffs ask the district court to declare unlawful the termination of Solar For All grants, vacate and set aside alleged termination directives, order the Environmental Protection Agency (EPA) to reinstate the Solar For All grant program, and enjoin EPA from making unavailable the funds previously obligated to plaintiffs under the Solar For All program—in effect, specific performance. In this case, the same plaintiffs ask the Court to decide the lawfulness of EPA's termination of the same Solar For All grant agreements, and to award damages for the alleged unlawful termination.

Plaintiffs are therefore burdening two federal courts with requests for two forms of mutually exclusive judicial relief. If plaintiffs obtain a final district court order requiring EPA to reinstate the grants, this Court would have no reason to decide the lawfulness of EPA's grant terminations or any related damages claims. On the other hand, if EPA prevails in the district court case, either on jurisdiction or on the merits, this Court can then determine the lawfulness of termination under the grants and any related damages. Principles of judicial economy strongly

favor a stay, and plaintiffs will suffer no prejudice from a stay.

If the Court denies our motion to stay, the United States respectfully requests that the Court extend the deadline to respond to the complaint (currently December 15, 2025) to 7 days from the date of the denial of a stay. This would be the United States' first request for an extension of the response deadline.

Undersigned counsel conferred with plaintiffs' counsel, who state the following: Plaintiffs oppose Defendant's motion to stay and intend to file a response in opposition by Friday, December 12. Plaintiffs also oppose the alternative request by Defendant to toll their answer deadline beyond the court-ordered deadline of December 15 while the stay motion is pending. Plaintiffs would, as a professional courtesy, agree to a 7-day extension of Defendant's time to file their answer to December 22 along with a commensurate extension of Plaintiffs' time to file their motion for summary judgment to December 24.

## BACKGROUND

Plaintiffs are 23 states and state instrumentalities that initiated this action on October 15, 2025, challenging the EPA's termination of their grant awards under the Solar For All grant program. The very next day, on October 16, a virtually identical group of states and state instrumentalities filed suit in district court, challenging the EPA's termination of the Solar For All grant program and existing Solar For All grants.[1] *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015 (W.D. Wash.).

The material facts underlying each action are identical, as a comparison of the respective complaints confirms. In both actions, plaintiffs take issue with the EPA's decision to terminate their Solar For All grants following the passage of the One Big Beautiful Bill Act, Pub. L. No.

---

[1] Nevada is the only state that is a plaintiff here and not a plaintiff in the district court action.

119-21, in which Congress repealed the statute that authorized the Solar For All grant program and rescinded all unobligated balances that had been appropriated to carry out the program. In both actions, plaintiffs allege the terminations were unlawful—here, alleging breach of contract, and in district court, alleging agency action that is arbitrary, contrary to law, and in excess of statutory authority. Plaintiffs seek damages for the alleged breach of the grant agreements in this action, and they simultaneously seek overarching relief in district court that would (1) declare the grant terminations unlawful, (2) vacate the terminations, (3) order EPA to reinstate the Solar For All grant program, and (4) enjoin EPA from making unavailable any funds appropriated by Congress for the Solar For All grant program.

Following a status conference, the Court set a deadline of December 15, 2025 for the United States' answer, and December 17, 2025 for plaintiffs' summary judgment motion. Plaintiffs have indicated to undersigned counsel that they intend to move for summary judgment only on Count I (breach of the grant agreements), and only on liability. Since the Court's order setting those deadlines, two significant events have occurred:

1.  In the parallel district court action, plaintiffs moved for a preliminary injunction on November 14, 2025, arguing that EPA's termination of the Solar For All grant program is contrary to law, arbitrary, and unconstitutional. Plaintiffs seek an injunction to, among other things, (1) enjoin the EPA from making unavailable any funds that were previously obligated to them under their Solar For All grant agreements; and (2) stay the administrative closeout process under which EPA pays all outstanding obligations due under the now-terminated grants. *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015, ECF 64 (W.D. Wash. Nov. 14, 2025). The motion will be fully briefed and heard by January 8, 2026. *Id.*, ECF 99.

3

2.  Plaintiffs also filed petitions for review in the D.C. Circuit challenging EPA's

termination of the Solar For All grant program.  *State of Arizona, et al. v. EPA*, No.

25-1218 (D.C. Cir.).  On November 14, 2025, plaintiffs requested that that case "be

held in abeyance and that all case-related deadlines be suspended while litigation

continues in the federal district courts."  *Id.*, Doc. No. 2145408.  Plaintiffs reasoned

that "holding a case in abeyance pending related litigation conserves judicial

resources" and that "[n]o party will be prejudiced by abeyance."  *Id.* at 5.  On

November 20, 2025, the D.C. Circuit stayed that case.  *Id.*, Doc. No. 2146397.

## ARGUMENT

Similar to the D.C. Circuit stay, this Court should stay this action pending resolution of

the parallel district court action.  "[T]he power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254

(1936).  When and how to stay proceedings is within the Court's sound discretion.  *Id.* at 254-55;

*see Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016).  The Court

"must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254-55.  A

stay is warranted here for three reasons.

*First*, judicial economy principles strongly favor a stay of this case.  The basis for a stay

is especially strong when it would "simplif[y] the issues, proof, and questions of law, which

could be expected to result from a stay."  *Unionbancal Corp. v. United States*, 93 Fed. Cl. 166,

167 (2010).  Thus, the Court may stay one action pending the resolution of another which, "even

if it should not dispose of all the questions involved, would certainly narrow the issues in the

pending cas[e] and assist in the determination of the questions of law involved."  *Landis*,

299 U.S. at 253.  As plaintiffs themselves recently asserted in asking the D.C. Circuit for a stay of that proceeding, "holding a case in abeyance pending related litigation conserves judicial resources."  *State of Arizona, et al. v. EPA*, No. 25-1218, Doc. No. 2145408 at 5 (D.C. Cir. Nov. 14, 2025) (quoting *United States v. Quinn*, 475 F.3d 1289, 1291 (D.C. Cir. 2007)).

The same is true here.  Plaintiffs are, at this very moment, seeking overarching relief from the district court that subsumes the relief they seek here.  If plaintiffs obtain a final district court order requiring the EPA to reinstate the grant agreements, very little—if anything—remains for this Court to resolve.  It would be a waste of the parties' and the Court's limited resources to litigate a summary judgment motion now.  *Landis*, 299 U.S. at 253; *Unionbancal*, 93 Fed. Cl. at 167.  Particularly given plaintiffs' pending preliminary injunction motion in the district court—which will be argued in a matter of weeks, on January 8, 2026—it is not practical or economical to press forward now with a merits briefing in this action.

Indeed, the outcome of the preliminary injunction motion will bear heavily on this action.  Plaintiffs have additionally asked the district court to stay the administrative closeout process for the grants, which is the process under which the EPA pays all outstanding obligations due under the grant agreements (pre-termination and closeout costs).  *See* 2 C.F.R. § 200.344.  If the district court grants plaintiffs' request to stay the closeout process, thus preventing the EPA from paying out outstanding obligations, that result will make any relief from this Court on damages premature.  And if the district court denies plaintiffs' request and the closeout process moves forward, EPA's payment of allowable outstanding obligations incurred prior to grant termination will necessarily narrow, if not eliminate, any damages plaintiffs can seek here.  *Landis*, 299 U.S. at 253; *Unionbancal*, 93 Fed. Cl. at 167.  Either way, the pending proceedings in the district court will directly affect any relief plaintiffs can obtain from this Court.  That is a conflict that

5

*plaintiffs* have created by pursuing simultaneous relief from two courts.

Plaintiffs themselves appear to recognize the inefficiencies of their dual approach by limiting their intended summary judgment motion only to liability on a single count. But for what purpose? Expending the time and resources to litigate liability now, only to save damages for an indefinite point in the future, does not result in any relief to plaintiffs. Any relief can only flow from an assessment of damages in this case, and that assessment will necessarily be impacted by the final resolution of the district court action. *Cf. Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 107 (1998) ("psychic satisfaction" from a favorable judgment "does not redress a cognizable Article III injury").

*Second*, a stay is also warranted given the possibility of conflicting orders and judgments between this action and the district court action. *See Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356 (Fed. Cir. 2020). If both actions continue to move forward in parallel, there is a very real likelihood that the EPA may be held to incompatible standards of conduct pursuant to different orders from two courts. Take, for instance, the scenario where the district court reinstates plaintiffs' grant agreements after finding their terminations unlawful, but this Court denies plaintiffs' summary judgment motion after finding the terminations permissible under the terms of the agreements. How could the EPA reconcile both orders—one reinstating the grant agreements, and one saying that the very same grants were lawfully terminated? Another scenario is where the district court grants plaintiffs' request to stay the closeout process where the EPA is trying to pay out the outstanding obligations, but this Court finds for plaintiffs on breach of contract and orders the EPA to pay some of those same costs. How could the EPA comply with both orders? This prospect of conflicting orders on the very same set of grant agreements is further reason to stay this action.

6

*Third*, a stay works no prejudice on plaintiffs. It is the norm, not a source of prejudice, for substantial time to elapse between the filing of a complaint and summary judgment briefing. In any event, because plaintiffs do not intend to seek relief in their summary judgment motion— and are simultaneously pursuing all-encompassing relief in district court—a stay of these proceedings is not to any party's detriment. Nor is there any statute of limitations concern, as this action has already been initiated within the limitations period. And even if the district court ultimately rejects plaintiffs' claims, this action can then restart at that time, with none of the difficulties in navigating overlapping relief and competing judgments that the current posture presents. As plaintiffs themselves represented when they affirmatively sought to stay their D.C. Circuit action pending resolution of their district court action, "[n]o party will be prejudiced by abeyance." *State of Arizona, et al. v. EPA*, No. 25-1218, Doc. No. 2145408 at 5 (D.C. Cir. Nov. 14, 2025). So too here.

## CONCLUSION

For these reasons, the Court should stay this action pending resolution of plaintiffs' parallel district court action in *State of Arizona, et al. v. EPA*, No. 2:25-cv-2015 (W.D. Wash.). We propose that, within 60 days of such resolution, the parties submit a joint status report in this action proposing any next steps.

But if the Court declines to stay this action, the Court should extend the deadline to respond to the complaint (currently December 15, 2025) to 7 days from the date of the denial of a stay. This modest extension will provide the EPA with the time necessary to finalize its response following the Court's resolution of the stay motion. And this modest extension is not substantially different from the 7-day extension to which plaintiffs have stated they consent.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Albert S. Iarossi
ALBERT S. IAROSSI
Assistant Director

/s/ Catherine M. Yang
CATHERINE M. YANG
Trial Attorney
Commercial Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-4336
Email: catherine.m.yang@usdoj.gov

December 9, 2025                    Attorneys for Defendant