The Honorable Tiffany M. Cartwright

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

STATE OF ARIZONA, et al.

*Plaintiffs*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; and LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency,

*Defendants*.

Civil Action No. 2:25-cv-02015

Noting Date: December 17, 2025

**DEFENDANTS' REPLY IN SUPPORT OF
THE MOTION TO TRANSFER VENUE**

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

# INTRODUCTION

Defendants' Motion to Transfer Venue (ECF No. 97) ("Motion") explained why transferring this case to the U.S. District Court for the District of Columbia ("D.D.C."), where *Harris County v. U.S. Environmental Protection Agency*, No. 1:25-cv-03646 (D.D.C.) is pending, would avoid duplication of effort, inefficient litigation of similar cases in multiple districts, and the potential for inconsistent judgments. Plaintiffs' opposition (ECF No. 103) ("Opposition") fails to meaningfully rebut Defendants' showing.

The "first-to-file" rule supports transfer because Harris County filed its lawsuit before Plaintiffs filed here; both Harris County and Plaintiffs are recipients of Solar for All ("SFA") grants and sue the same federal agency; and both Harris County and Plaintiffs assert *the same claims*, allege *the same categorical harms*, and seek *the same relief*. Contrary to Plaintiffs' argument, the first-to-file rule does not require courts to survey other similar litigation across the country and consider the timing and subject matter of those cases. Nor does the first-to-file rule require the parties in this case and *Harris County* to be identical. And although certain Plaintiffs are state governments and Harris County is a county government, that distinction has no bearing on any legal claims or defenses asserted in either case.

Transfer to the D.D.C. under 28 U.S.C. § 1404(a) is likewise appropriate, as the consolidation with *Harris County* would serve both public and private interests. The D.D.C. will be the first court to consider, on summary judgment, whether an SFA grantee may bring its claims in district court notwithstanding the Tucker Act, and if it can, the first court to consider the full merits of the same APA and constitutional claims that Plaintiffs assert here. Plaintiffs' motion for narrow preliminary relief (the stay of now-expired administrative deadlines) could

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

2

require the Court to consider some issues on a preliminary basis, but that self-imposed situation cannot outweigh the benefits of a single, consolidated proceeding in the D.D.C., resulting in one final judgment affecting a nationwide grant program. Private and local interests also support transfer, as all operative facts took place in the District of Columbia, where EPA is located and where all relevant decisions were made. Nothing about the state of Washington is particularly relevant to this case and, indeed, most Plaintiffs are located closer to the District of Columbia than here. Accordingly, and for the reasons discussed below and in Defendants' opening brief, the Court should grant Defendants' Motion.

## ARGUMENT

### I. The First-to-File Rule Supports Transfer to the D.D.C.

The first-to-file rule "allows a district court to transfer, stay, or dismiss an action if a case with substantially similar issues and parties was previously filed in another district court." *Samson v. United HealthCare Servs., Inc.*, No. C19-0175JLR, 2020 WL 3971390, at *3 (W.D. Wash. July 14, 2020) (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982). "The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Id.* (quotations and citations omitted). Accordingly, the first-to-file rule "should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). Because *Harris County* was filed first, the parties in both cases are similar, and the issues are the same, the first-to-file rule supports transfer. *Id.* Plaintiffs' arguments to the contrary are unavailing.

Plaintiffs argue that *Rhode Island AFL-CIO v. U.S. Environmental Protection Agency*, No. 1:25-cv-00510 (D.R.I.) ("*Rhode Island*"), another SFA litigation, was filed "first" and before

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

U.S. Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

3

*Harris County*, and therefore negates the first-to-file rule. Opp. 7. But courts do not apply the rule as Plaintiffs suggest. Courts may "decline to exercise jurisdiction in an action that involves the same parties and issues *as an earlier filed action* pending in another district." *Zimmer v. Dometic Corp.*, No. 2:17-CV-06913, 2018 WL 1135634, at *3 (C.D. Cal. Feb. 22, 2018) (citing *Pacesetter*, 678 F.2d at 94–95) (emphasis added). Transfer under the rule requires only that "the action in the transferee district court"—here, *Harris County*—be filed "prior to the action in the transferor district court." *Id*. In *Zimmer*, for example, the defendants invoked the rule to support their motion to transfer a class action to the Southern District of Florida, where two similar cases were pending. *Id*. In response, the plaintiffs argued that the rule did not apply, because another similar case had been filed "first" in the Northern District of California. *Id*. The court rejected this argument, concluding that "to properly apply the first-to-file rule . . . the district court need only find that a pending case in another federal court was filed previously." *Id*. (cleaned up) (citation omitted). The court therefore granted the motion because, with the other elements being met, transferring the case "serve[d] the interests of justice and the purpose underlying the first-to-file rule." *Id*. So too here. Because *Harris County* was filed in the D.D.C. before *this case*, the chronology requirement is met.

There are additional good reasons for Defendants to seek transfer SFA litigation to the D.D.C., rather than the District of Rhode Island. First, Harris County designated its lawsuit as related to both this lawsuit and another suit pending in the D.D.C. since March 2025 challenging grant terminations under the two other GGRF programs: *Climate United Fund v. Citibank, N.A.*, No. 1:25-cv-698-TSC (D.D.C. filed Mar. 8, 2025), Pl. Not. of Designation, *Harris County*, ECF No. 2. Although EPA objected to the designation, *see id.*, ECF No. 16, the court has proceeded

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

4

thus far without addressing the objection. That *Harris County* may be deemed related to another pending suit in the D.D.C. supports having this case transferred there to be consolidated before a single judge, who has devoted substantial attention to that consolidated GGRF matter. Moreover, *Harris County* is the first filed lawsuit by a prime grantee, whereas *Rhode Island* was filed by subgrantees and purported beneficiaries. *See* Opp. 1 (describing alleged "sub-grantees and other down-stream beneficiaries of the [SFA] program [that] filed suit in . . . the District of Rhode Island"). Their lawsuit fails for the same reasons as Plaintiffs' suit here, including a lack of jurisdiction. But the derivative nature of the *Rhode Island* plaintiffs' claims raises further problems with that lawsuit proceeding separately.[1] As such, this suit should be transferred to the D.D.C. to be consolidated with *Harris County*, the earliest lawsuit filed by a prime grantee.[2]

Plaintiffs' choice to seek preliminary relief does not mean this case will proceed "far beyond the first-filed matter." Opp. 8 (quoting *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979), *overruled by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016)). The opposite is true. First, the Court's decision on a preliminary injunction ("PI") motion will not be a final decision on the merits of Plaintiffs'

---

[1] For example, Solar United Neighbors, a *Rhode Island* plaintiff, alleges it had a subaward that benefited from the Harris County prime grant. *Rhode Island*, ECF No. 1 ¶¶ 64–65; *see also* Harris Compl. ¶¶ 35–36. Given the risk of contradictory orders, EPA moved to transfer *Rhode Island* to the D.D.C. *Rhode Island,* Defs. Mot., ECF No. 27. The court denied the motion without addressing the overlapping interests in *Rhode Island* and *Harris County* and the potential of conflicting orders relating to the same grants. *See id.*, Text Order (Dec. 17, 2025).

[2] Plaintiffs suggest that the Court should not apply the first-to-file rule because Defendants have engaged in "bad faith." *See* Opp. 8 (citing *Alltrade*, 946 F.2d at 628). But Plaintiffs offer no evidence of bad faith (nor could they). Good reasons support proceeding in the D.D.C., as described in this Reply and the Motion.

| DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO TRANSFER VENUE<br>No. 2:25-cv-02015 | **U.S. Department of Justice**<br>Civil Division, Commercial Litigation Branch<br>1100 L Street NW<br>Washington, DC 20005<br>(202) 598-7521 |
|---|---|

claims. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) ("A preliminary injunction, of course, is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment.") (quotations and citations omitted).[3]  Second, this Court may not even reach the merits on a preliminary basis if it concludes that Plaintiffs fail to show their alleged harm is imminent and irreparable. *See Dex Media W., Inc. v. City of Seattle*, 790 F. Supp. 2d 1276, 1280–81 (W.D. Wash. 2011) (holding that "it is unnecessary for the court to consider the likelihood of success on the merits of any of Plaintiffs' other substantive claims in the context of this motion" because "[p]laintiffs fail to establish either a likelihood of irreparable injury or that a preliminary injunction would be in the public interest . . . ."). As Defendants argue in opposing the PI, *see* ECF No. 102, Plaintiffs assert no imminent or irreparable injury, as the SFA funds they seek to freeze will remain available through September 2031, and the administrative deadlines they seek to stay already expired. The Court thus has no reason to reach the merits. Third, the D.D.C. in *Harris County* will be the first court to consider, on summary judgment, the claims and defenses at issue here—*i.e.,* whether the Tucker Act bars an SFA grantee's claims in district court and, if not, whether EPA's actions violated the APA or the constitution—because the parties have already agreed to a summary judgment schedule. *See* Order, *Harris County*, ECF No. 23 (setting production of the administrative record for January 9, 2026 with the conclusion of all summary

---

[3] That easily distinguishes this case from *Church of Scientology*. There, the second-filed action had already progressed through summary judgment and an appeal when the court in the first-filed case declined to exercise jurisdiction. 611 F.2d at 749. The Ninth Circuit held that, "[u]nder the circumstances, the goal of judicial efficiency will be best met if we overlook the 'first to file' rule, and defer to the litigation in progress in the D.C. Circuit." Here, Defendants have not yet answered the complaint.

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

6

judgment briefing on March 27, 2026). No such schedule has been set here. Instead, the parties agreed that Defendants' deadline to file a motion to dismiss will be three weeks after the Court rules on the PI Motion. ECF No. 107. That briefing may further delay final judgment here.[4]

Plaintiffs next argue that none of them are parties in *Harris County*, so the first-to-file rule does not apply. Opp. 10–11. Not so. "[T]he first-to-file rule does not require exact identity of the parties." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "Rather, the first-to-file rule requires only substantial similarity of parties." *Id.* (citing cases). Accordingly, "[c]ourts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the parties." *Variscite, Inc. v. City of Los Angeles*, No. 2:22-CV-08685-SPG-SK, 2023 WL 3493557, at *11 (C.D. Cal. Apr. 11, 2023) (quotations and citation omitted). Indeed, courts "have found parties to be 'substantially similar' under the first-to-file rule if they represent the same interests." *Id.* (quotations and citations omitted); *Miller Mendel Inc. v. Alaska State Troopers*, No. 3:21-CV-0129-HRH, 2021 WL 3698377, at *3 (D. Alaska Aug. 19, 2021). For example, in *Miller Mendel*, the court stayed a second-filed action under the first-to-file rule even though the plaintiffs sued different unrelated defendants in each action. *Id.* The court concluded the parties were "substantially similar," because "the defendants in both cases arguably represent the same interests," in that they all "seek to invalidate the [same] patent-in-suit" and purchased the "exact same accused product." *Id.* (cleaned up). That reasoning applies

---

[4] Plaintiffs declined to be in the same forum and in same position as Harris County. Defendants' counsel had inquired whether Plaintiffs would consider foregoing PI litigation and agree to a transfer of this case to the D.D.C., so it could be consolidated with *Harris County*, in exchange for EPA's agreement to extend their closeout deadlines and stay the administrative process, but Plaintiffs declined to consent to the transfer of this case. *See* Pls. Reply iso PI Mot., Junine Decl., Ex. B, ECF No. 105-1, at 14 (Nov. 26, 2025 email between counsel).

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

U.S. Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

7

here. Although Plaintiffs and Harris County are different unrelated parties, they represent the same interests, as they are SFA grantees that assert the same claims against the same federal agency and seek the same relief.

That most Plaintiffs are state governments does not distinguish them from Harris County under the first-to-file rule. States' sovereignty affords them no special treatment in venue disputes. "When a State voluntarily appears in federal court, . . . it voluntarily invokes the federal court's jurisdiction" and "must then abide by federal rules and procedures—including venue rules—like any other plaintiff." *Bd. of Regents of the Univ. of Tex. Sys. v. Bos. Sci. Corp.*, 936 F.3d 1365, 1379 (Fed. Cir. 2019) (quotations and citations omitted). Moreover, Plaintiffs make no allegation in their complaint about their "unique, sovereign role" in support of any count. *See generally* Compl. ¶¶ 131–76. Nor could they. Plaintiffs, like Harris County, are SFA grantees, *see id.* ¶ 3, and whatever cognizable claim they have against EPA arises from their SFA grants—not their positions as state, municipal, or county governments. Defendants' defenses are also likely to be the same. For example, Defendants will argue that Plaintiffs, like Harris County, are barred by the Tucker Act from suing in district court. *See Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 280 (1983) ("The States of the Union, like all other entities, are barred by federal sovereign immunity from suing the United States in the absence of an express waiver."). Plaintiffs are therefore similarly situated to Harris County, and this element supports transfer under the first-to-file rule.[5]

---

[5] Plaintiffs' cited cases, *see* Opp. 11–12, do not suggest otherwise. The first two do not concern venue or the circumstances here: *Alden v. Maine*, 527 U.S. 706, 712 (1999), concerns States' sovereign immunity as defendants, whereas Plaintiffs here have voluntarily invoked federal court

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

8

Finally, the issues in this case and *Harris County* are "substantially similar" and support transfer. "To determine whether two suits involve substantially similar issues, [courts] look at whether there is 'substantial overlap' between the two suits." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240–41 (9th Cir. 2015) (citing cases). This case and *Harris County* essentially overlap. First, Plaintiffs and Harris County seek the same relief: an order that (i) declares EPA's termination of the SFA grant program unlawful; (ii) directs EPA to reinstate the SFA grant program; and (iii) enjoins EPA from "de-obligating" or "re-obligating" or otherwise interfering with the availability of SFA grant funds. *Compare* Compl. at 33–34 *with* Harris Compl. at 30–31. Second, Plaintiffs and Harris County allege the same categorical harms. Both allege financial harms resulting from SFA grant terminations.[6] Both allege that EPA's actions cost them time and effort planning their respective SFA projects.[7] And both allege the

---

jurisdiction; and *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004), concerns governments' ability to sue as *parens patriae*, but here Plaintiffs bring their own claims, rather than on behalf of their citizens, *see, e.g.*, Compl. ¶ 3. The latter two cases simply give lead-plaintiff States the home-forum deference that is afforded any litigant. *See California v. Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054, 1063 (N.D. Cal. 2018); *New York v. Pruitt*, Nos. 18-cv-1030, 1048, 2018 WL 2411595, at *6 (S.D.N.Y. May 29, 2018).

[6] *Compare* Compl. ¶¶ 60, 109 (describing financial commitments to subrecipients and vendors, and inability to access funds in ASAP accounts) *with* Harris Compl. ¶¶ 41, 51, 79 (describing financial commitments to cities and nonprofits, and inability to access funds in ASAP account).

[7] *Compare* Compl. ¶ 59 (describing "5,000 employee hours developing [] programming") *with* Harris Compl. ¶ 43 ("devot[ing] thousands of personnel hours to developing the plans and infrastructure").

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

9

termination of the SFA program affected their ability to create or maintain jobs.[8] Third, Plaintiffs and Harris County allege the same APA and constitutional claims. *Compare* Compl. ¶¶ 131–76 *with* Harris Compl. ¶¶ 91–109. Thus, assuming both courts conclude that they have jurisdiction, they will consider substantially similar facts and decide the same issues under the same laws. The first-to-file rule therefore supports transfer of this case to the D.D.C.[9]

**II.   Both Public and Private Interests Support Transfer to the D.D.C. under 28 U.S.C. § 1404(a).**

Plaintiffs ask the Court to give "great deference" to their choice of forum, to downplay other factors, and to deny transfer to the D.D.C. under 28 U.S.C. § 1404(a). Opp. at 14. But a "Plaintiff's choice of forum . . . is not the final word." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). It receives less weight when (i) "the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum," or (ii) a "substantially similar" action is pending in the transferee forum, and their consolidation would conserve judicial resources and "avoid the possibility of inconsistent judgments." *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214–15 (S.D. Cal. 2013) (citation omitted).[10] Both circumstances are present here.

---

[8] *Compare* Compl. ¶ 127 (describing how "Plaintiffs relied upon the SFA Program . . . to create jobs") *with* Harris Compl. ¶ 89 (describing impairment to "Harris County's ability to recruit and maintain" employees).

[9] Plaintiffs' pending suit in the Court of Federal Claims to seek damages for grant terminations does not distinguish this case from *Harris County*. Opp. 13. Contrary to Plaintiffs' assumption, *see id.*, Defendants will argue that only the Court of Federal Claims has jurisdiction over the disguised contract termination claims asserted by Plaintiffs and by Harris County.

[10] *See also Burns v. Gerber Prods. Co.*, 922 F. Supp. 2d 1168, 1171 (E.D. Wash. 2013) ("the *Jones* factors … must also be weighed against another, potentially dispositive factor: the

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

10

First, the operative facts have little to no connection to Washington State. This case arose from EPA's decision to terminate SFA grants, and EPA made that decision—as well as all subsequent administrative decisions—from its headquarters in Washington, D.C. Because the "administrative process occurred in the District of Columbia and Federal Defendants reside there, the District of Columbia has a stronger local interest than this district in adjudicating this action challenging the interim agency decision." *Ctr. for Food Safety v. Vilsack*, No. C 11-00831 JSW, 2011 WL 996343, at *7 (N.D. Cal. Mar. 17, 2011); *see also* Mot. 14. Although Washington State is a Plaintiff, that does not change the fact that 22 other Plaintiffs are located elsewhere. Indeed, it is hard to understand why the Western District of Washington would be considered Plaintiffs' "home forum" and "more convenient" when 95 percent of Plaintiffs do not reside or even operate here. *See Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 779 (N.D. Cal. 2015) ("[T]he majority of the named plaintiffs do not reside in this district, rendering their choice of forum less significant"); *Alec L. v. Jackson*, No. C-11-2203 EMC, 2011 WL 8583134, at *3 (N.D. Cal. Dec. 6, 2011) (granting government's transfer motion because, *inter alia*, "the majority of [parties] reside in or near or have connections to the District of Columbia"). All relevant EPA decisions giving rise to Plaintiffs' claims occurred in the District of Columbia, and most of Plaintiffs reside outside of Washington State. This factor weighs in favor of transfer.

Plaintiffs' choice of forum should also be given less weight because they seek relief impacting a nationwide grant program—rather than only Washington State. *See* Opp. 20 ("At its

---

significant, unnecessary—and ultimately avoidable—burden on limited judicial resources if transfer is denied. Concerns over judicial efficiency are *paramount* in situations such as this.") (quotations and citations omitted) (emphasis in the original).

| DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO TRANSFER VENUE<br>No. 2:25-cv-02015 | **U.S. Department of Justice**<br>Civil Division, Commercial Litigation Branch<br>1100 L Street NW<br>Washington, DC 20005<br>(202) 598-7521 |
|---|---|

core, this dispute is a national one."). In *Alec L. v. Jackson*, the plaintiffs challenged nationally applicable federal climate change policies, and the plaintiffs' "only connection to the Northern District [of California]" was that a few plaintiffs resided there and were alleged being harmed there. 2011 WL 8583134, at *3. That court granted the transfer motion and concluded the case "challeng[ed] Defendants' actions as the heads of government agencies and departments that are centered in our nation's capitol." *Id.* "Thus, as the operative facts did not occur in the Northern District and Plaintiffs have not shown that the Northern District has a *particular* interest in the parties or the subject matter, Plaintiffs' choice of forum is entitled to little weight." *Id.* (emphasis in original). This Motion should be granted for the same reason.

Second, Plaintiffs' choice of forum should be given less weight because *Harris County*, a substantially similar, if not nearly identical case, is pending in the D.D.C, and if this case is transferred, the two cases can be consolidated under Fed. R. Civ. P. 42(a)(2) for "involv[ing] a common question of law or fact." Transferring and consolidating this case with *Harris County* will save judicial resources, avert piecemeal litigation, and avoid potentially inconsistent judgments. *See* Mot. 11–13. Plaintiffs hardly address this significant public interest factor. Instead, they argue generally that the "differences" between the two cases "may well defeat any subsequent motion to consolidate under Fed. R. Civ. P. 42(a)(2)." Opp. 20–21. But those arguments fail for the already-discussed reasons: both cases assert the same claims against the same defendants, allege the same categorical harms, and seek the same relief. *See supra* Part I. There is no reason the D.D.C. would not consolidate these two cases.

Next, Plaintiffs argue that any "efficiency gains" achieved by transfer "would be offset by the loss of inter-court dialogue," through which "questions percolate among the lower federal

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

12

courts, even at the cost of short-term nonuniformity." Opp. 20 (citing cases).[11] But percolation is about allowing different courts to consider the same legal question presented by different factual scenarios, rather than to allow different courts to consider *the same factual scenario*, like here where both cases challenge the exact same agency action. Moreover, Plaintiffs' reference to the benefits of percolating issues in lower courts does not answer the most basic, practical question: what is EPA supposed to do if one court determines that the agency properly terminated the SFA grants (or a subset of those grants), while another court determines the agency improperly terminated those grants (or a subset of those grants)? Or, even more complicated, what if one court orders EPA to restart the SFA program, while another court determines that EPA cannot restart a program that Congress repealed? Avoiding these confusing and conflicting results is precisely why courts exercise their discretion to transfer and consolidate similar cases. *See* Mot. 13; *see also M.A. Mortenson Co. v. Zurich Am. Ins. Co.*, No. C21-1407RSM, 2021 WL 6050065, at *2 (W.D. Wash. Dec. 21, 2021) (transferring the case because, *inter alia*, "[k]eeping this action here will result in a duplication of Court resources and potentially conflicting rulings").

---

[11] Plaintiffs cite unavailing cases. *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018) did not involve the transfer and consolidation of similar cases, but rather addressed "overbroad injunctions, particularly nationwide ones." Imposing a nationwide injunction is different from transferring and consolidating nearly identical cases to conserve judicial resources and avoid conflicting judgments, as contemplated by 28 U.S.C. § 1404(a). The second case cited, a dissent by Justice Ginsberg in *Arizona v. Evans*, 514 U.S. 1, 24 & n.1 (1995), involved evidence seized in violation of the Fourth Amendment. Subject matter aside, that reasoning would not apply here, as this case involves identical challenges to EPA's decision to terminate grants under the SFA program—very different from the numerous and factually-diverse challenges involving police officers and citizens.

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

13

Plaintiffs complain that transfer "will [make Plaintiffs] wait for the important relief that their preliminary injunction seeks." Opp. 15–16. But this assumes that their PI motion requires a court's immediate attention. It does not. Plaintiffs' PI motion asks the Court (i) to enjoin EPA from re-obligating or otherwise moving the SFA funds, and (i) to stay EPA's administrative process and any related closeout deadlines. *See* ECF No. 64. Neither request demands urgent consideration. The SFA money remains available through September 2031, *see* 42 U.S.C. § 4370f, and the administrative deadlines have already passed. *See* Pls. Reply iso PI Mot., ECF No. 104 at 10 (recognizing that the "deadline to submit closeout reports passed on December 5 and 8"). So if this Court transfers this case and foregoes deciding the PI motion, Plaintiffs will suffer no imminent harm or subsequent prejudice. Moreover, if the Court rules on the PI motion before transferring this case to the D.D.C., Plaintiffs will have a decision on the PI motion, and they can proceed to summary judgment with Harris County in a single consolidated proceeding. This Court's potential need to address certain issues on a preliminary basis cannot outweigh the significant judicial resources saved by not requiring this Court to rule on more issues at subsequent stages. *See supra* Part I.

## CONCLUSION

For the foregoing reasons, Defendants ask this Court to transfer the case to the D.D.C., so it can be consolidated with *Harris County*.

Dated: December 17, 2025

                                                          BRETT A. SHUMATE
                                                          Assistant Attorney General
                                                          Civil Division

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

14

KIRK T. MANHARDT
Director

KEVIN P. VANLANDINGHAM
Assistant Director

*/s/     Tiffiney F. Carney*
TIFFINEY F. CARNEY
I-HENG HSU
Trial Attorneys
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521
tiffiney.carney@usdoj.gov
i-heng.hsu@usdoj.gov

*Attorneys for Defendants*

## LOCAL RULE 7(e)(6) CERTIFICATION

I certify that this memorandum contains 4,197 words in compliance with the Local Civil Rules. This certificate was prepared in reliance on the word-count function of the word-processing system (Microsoft Word) used to prepare the document.

*/s/ Tiffiney F. Carney*

Tiffiney F. Carney

DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO TRANSFER VENUE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

15