# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARYLAND CLEAN ENERGY CENTER, et al., | |
| Plaintiffs, | Consolidated Nos. 25-1738C (lead) 26-268C |
| v. | |
| THE UNITED STATES, | (Senior Judge Smith) |
| Defendant. | |

### DEFENDANT'S ANSWER[1]

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1.      The allegations contained in paragraph 1 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

2.      Admits the allegations contained in the first sentence of paragraph 2 to the extent supported by the statute cited, which is the best evidence of its contents.  Admits the quotation in sentence two to the extent supported by the statute cited, which is the best evidence of its contents; the remainder of sentence two constitutes plaintiffs' characterization of their case and conclusions of law, to which no answer is required.  Admits the third sentence.

3.      The first sentence of paragraph 3 contains allegations which constitute plaintiffs' characterization of their case, to which no answer is required.  As to the second sentence of paragraph 3, admits that the plaintiff states listed received a Solar for All grant from EPA.  The remainder of the second sentence of paragraph 3 contains allegations which constitute plaintiffs' characterization of their case, to which no answer is required.

---

[1]    Defendant's answer has omitted the headings contained in the complaint, which are not factual allegations but rather titles and labels, to which no response is required.  To the extent the headings are construed as containing factual allegations, those allegations are denied.

1

4.      Admits.

5.      Admits that EPA gave plaintiffs access to their ASAP accounts; denies that plaintiffs "received the full amount of their awards" in those ASAP accounts.  Denies the allegations regarding plaintiffs' performance for lack of sufficient knowledge or information.

6.      The allegations contained in paragraph 6 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

7.      Denies plaintiffs' characterization that EPA "withdrew" grant funds from plaintiffs' ASAP accounts.  Admits that, on August 7, 2025, EPA deobligated 93 percent of the Solar for All grant funds that had been awarded to plaintiffs.

8.      The allegations contained in paragraph 8 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

9.      The allegations contained in paragraph 9 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

10.     The allegations contained in paragraph 10 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

11.     The allegations contained in paragraph 11 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

12.     The allegations contained in paragraph 12 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

13.     The allegations contained in paragraph 13 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

14.     The allegations contained in paragraph 14 constitute plaintiffs' characterization of their case, to which no answer is required.

15. The allegations contained in paragraph 15, including footnote 1 in the complaint, constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

16. Admits the Grant Number for Maryland Clean Energy Center (MCED) is 84090101. Denies the remaining allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits the Grant Number for the Arizona Governor's Office of Resiliency is 84092001. Denies the remaining allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Admits the Grant Number for the California Public Utilities Commission is 84092302. Denies the remaining allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits the Grant Number for the Colorado Energy Office is 84090401. Denies the remaining allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits the Grant Number for the Connecticut Department of Energy and Environmental Protection is 84090001. Denies the remaining allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits the Grant Number for the DC Department of Energy and Environment is 84088001. Denies the remaining allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Admits the Grant Number for the Hawaii Green Infrastructure Authority is 84091801. Denies the remaining allegations contained in paragraph 22 for lack of knowledge or

3

information sufficient to form a belief as to their truth.

23. Admits the Grant Number for the Illinois Finance Authority is 84090501. Denies the remaining allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits the Grant Number for the Energy and Environment Cabinet, Office of the Secretary for Kentucky is 84088701. Denies the remaining allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits the Grant Number for the Governors Energy Office is 84088301. Denies the remaining allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Admits the Grant Number for the Massachusetts Department of Energy Resources is 84090201. Denies the remaining allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Admits the Grant Number for the Michigan Department of Environment, Great Lakes, and Energy is 84090701. Denies the remaining allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Admits the Grant Number for the Minnesota Department of Commerce is 84089501. Denies the remaining allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits the Grant Number for Nevada is 64091901. Denies the remaining allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Admits the Grant Number for the New Jersey Board of Public Utilities is

4

84091101. Denies the remaining allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31.     Admits the Grant Number for the New Mexico EMNRD is 84087801.  Denies the remaining allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32.     Admits the Grant Number for the New York Energy Research and Development Authority is 84088901.  Denies the remaining allegations contained in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33.     Admits the Grant Number for the North Carolina Department of Environmental Quality is 84091701. Denies the remaining allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34.     Admits the Grant Number for the Oregon Department of Energy is 94092901. Denies the remaining allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35.     Admits the Grant Number for the Pennsylvania Energy Development Authority is 84089101.  Denies the remaining allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36.     Admits the Grant Number for the Rhode Island Office of Energy Resources is 84091001.  Denies the remaining allegations contained in paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37.     Admits the Grant Number for the Vermont Department of Public Service is 84089901.  Denies the remaining allegations contained in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38.     Admits the Grant Number for the Washington Department of Commerce is 84093001.  Denies the remaining allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39.     Admits the Grant Number for the Wisconsin Economic Development Corporation is 84090801.  Denies the remaining allegations contained in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40.     Admits.

41.     Admits.

42.     The allegations contained in paragraph 42 constitute plaintiffs' statement of law to which no response is required.

43.     Admits the quotations in paragraph 43 to the extent supported by the statute cited; otherwise denies.  The remainder of paragraph 43 constitutes plaintiffs' characterization of their case or statement of law to which no response is required.

44.     The allegations contained in paragraph 44 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

45.     Admits the allegations in paragraph 45 to the extent supported by the statute cited; otherwise denies the allegations in paragraph 45.

46.     Admits the allegations in paragraph 46 to the extent supported by the statute cited; otherwise denies the allegations in paragraph 46.

47.     Admits that EPA undertook a public stakeholder engagement process regarding implementation of the Greenhouse Gas Reduction Fund.  The remainder of paragraph 47 is a statement or characterization of a document, to which no response is required.

48.     Admits that EPA published a NOFO on June 28, 2023, and a revised NOFO on

6

August 31, 2023; the remainder of sentences one and two in paragraph 48 are a statement or characterization of those documents, which are the best evidence of their contents. The allegation that EPA "made other minor adjustments" constitutes plaintiffs' characterization, to which no response is required. Denies the allegations contained in the third sentence of paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

49.     Admits the allegations contained in paragraph 49 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50.     Admits the allegations contained in the first sentence of paragraph 50 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 50. Admits the second sentence of paragraph 50.

51.     The allegations contained in the first sentence of paragraph 51 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required. Admits the allegations contained in the second sentence of paragraph 51 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52.     Admits the allegations contained in paragraph 52 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53.     Admits the allegations contained in the first and second sentences of paragraph 53. Denies the allegations contained in the third sentence of paragraph 53 for lack of knowledge or information sufficient to form a belief as to its truth. The fourth sentence is plaintiffs'

7

characterization of documents to which no response is required.

54.     Admits the allegations contained in paragraph 54 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55.     Admits that from October 2023 to April 2024, the EPA conducted the evaluation and selections phase for the Solar for All program; otherwise denies the allegations in the first sentence of paragraph 55.  Admits the allegations contained in the second sentence of paragraph 55 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56.     Admits.

57.     Admits the first sentence of paragraph 57, noting that the Initial Grant Agreements were dated in mid-July 2024.  The second sentence constitutes plaintiffs' characterization of documents, to which no response is required.  Denies the allegations contained in the third sentence of paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58.     Admits the allegations contained in paragraph 58 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 58.

59.     Admits the allegations contained within paragraph 59 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 59.

60.     The allegations contained in paragraph 60 constitute plaintiffs' statement or conclusion of law, to which no answer is required.

61.     Regarding the first sentence of paragraph 61, admits that each initial grant agreement contained termination provisions.  Regarding the second sentence of paragraph 61, admits that the termination provisions are the same in each initial grant agreement.  Regarding the quoted text, admits the quoted text to the extent supported by the document cited, which is the best evidence of its contents; and avers that the quoted text reflects a portion of the termination provisions.  Otherwise denies the allegations contained in paragraph 61.

62.     The allegations contained in paragraph 62 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

63.     Admits.

64.     Admits the allegations contained in paragraph 64 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 64.

65.     Regarding the first sentence of paragraph 65, admits that plaintiffs submitted work plans as required by the initial grant agreements; denies the remainder of sentence one in paragraph 65 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second and third sentences of paragraph 65 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies. Denies the fourth sentence of paragraph 65 for lack of knowledge or information sufficient to form a belief as to its truth.

66.     Admits that EPA issued Assistance Amendments in December 2024; the remainder of the first sentence in paragraph 66 constitutes plaintiffs' characterization of their case, to which no response is required.  The second sentence in paragraph 66 constitutes plaintiffs' characterization of documents, to which no response is required. Denies the third

9

sentence of paragraph 66 for lack of knowledge or information sufficient to form a belief as to its truth.

67.     Regarding the first sentence of paragraph 67, admits that each amended grant agreement contained termination provisions.  Regarding the second sentence of paragraph 61, admits that the termination provisions are the same in each amended grant agreement. Regarding the quoted text, admits the quoted text to the extent supported by the document cited, which is the best evidence of its contents; and avers that the quoted text reflects a portion of the termination provisions.  Otherwise denies the allegations contained in paragraph 67.

68.     The allegations in paragraph 68 constitute plaintiffs' characterization of documents and conclusions of law, to which no response is required.

69.     Admits the allegations in the first sentence of paragraph 69, noting that the complete date is January 22, 2025. The allegations contained in the second sentence of paragraph 69 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

70.     Admits.

71.     Denies the allegations contained in the first, third and fourth sentences of paragraph 71 for lack of knowledge or information sufficient to form a belief as to their truth. Regarding the second sentence of paragraph 71, admits that some plaintiffs drew down funds; otherwise denies.

72.     Admits the first sentence of paragraph 72.  The allegations in the second sentence constitute a statement of law, to which no response is required.

73.     The allegations contained in paragraph 73 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

10

74.     Admits that plaintiffs' funds were obligated prior to July 3, 2025.  The remainder of paragraph 74 constitutes plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

75.     The allegations contained in paragraph 75 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

76.     Admits the allegations contained in paragraph 76 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 76.

77.     Admits the allegations contained in paragraph 77 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 77.

78.     Admits the allegations contained in the first sentence of paragraph 76 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies. The allegations contained the second sentence of paragraph 78 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

79.     Admits the allegations contained in paragraph 79 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 79.

80.     Admits the allegations contained in paragraph 80 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 80.

81.     Denies.

82.     The allegations contained in paragraph 82 constitute plaintiffs' characterization of

11

their case and statement of law, to which no answer is required. Admits footnote 2 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

83.     Admits.

84.     The allegations contained in paragraph 84 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required.

85.     Admits the allegations in sentences one and two of paragraph 85.  The allegation in third sentence is a characterization of documents, to which no response is required.  Denies the fourth sentence of paragraph 85 for lack of knowledge or information sufficient to form a belief as to its truth.

86.     Admits the allegations contained in paragraph 86 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 86.

87.     Admits the allegations contained in paragraph 87 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 87.

88.     Admits the allegations contained in paragraph 88 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 88.

89.     The allegations in paragraph 89 constitute plaintiffs' characterization of their case, to which no response is required.  Admits the screenshot of a post by Administrator Lee Zeldin to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

90.     The allegations contained in paragraph 90 constitute plaintiffs' characterization of

their case and conclusions of law, to which no response is required.

91.     The allegations contained in paragraph 91 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

92.     Admits the allegations in the first sentence of paragraph 92.  Admits the allegations in the second sentence of paragraph 92 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise denies.  Denies the third sentence of paragraph 92 for lack of knowledge or information sufficient to form a belief as to its truth.

93.     Admits the allegations contained in paragraph 93 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 93.

94.     Admits the allegations contained in paragraph 94 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 94.

95.     Admits the allegations contained in paragraph 95 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 95.

96.     The allegations contained in paragraph 96 constitute plaintiffs' characterization of their case and statements of law, to which no response is required.

97.     The allegations contained in paragraph 97 constitute plaintiffs' characterization of their case and statements of law, to which no response is required.

98.     Admits that the initial and amended grant agreements each contained termination provisions.  Regarding the quoted text, admits the quoted text to the extent supported by the

document cited, which is the best evidence of its contents; and avers that the quoted text reflects a portion of the termination provisions. Otherwise denies the allegations contained in paragraph 98.

99. The allegations contained in paragraph 99 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

100. Admits that up until the point of termination, the EPA did not allege that any of the plaintiffs were in substantial noncompliance with the terms and conditions of their grant agreement or material misrepresentation of eligibility status. Otherwise denies the allegations contained in paragraph 100.

101. The allegations contained in paragraph 101 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

102. Admits the allegations contained in paragraph 102 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 102.

103. Admits the allegation in the first sentence. Denies the allegations contained in the second sentence of paragraph 85 for lack of knowledge or information sufficient to form a belief as to their truth.

104. Admits the allegations contained in paragraph 104 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 104.

105. Admits that plaintiffs timely submitted disputes; otherwise denies the remainder of sentence one as plaintiffs' characterization of their case and conclusions of law. Denies the allegations contained in the second sentence of paragraph 105 for lack of knowledge or

14

information sufficient to form a belief as to their truth.

106.    Admits the first sentence of paragraph 106 regarding the disputes described in paragraph 105.  Denies the allegations contained in the second sentence of paragraph 106 for lack of knowledge or information sufficient to form a belief as to their truth.

107.    The allegations contained in paragraph 107 constitute plaintiffs' conclusions of law, to which no response is required.

108.    The allegations contained in paragraph 108 constitute plaintiffs' characterization of their case and statement of law, to which no response is required.

109.    Admits that EPA had not resolved plaintiffs' disputes, as described in paragraphs 103 and 105, as of October 15, 2025.

110.    Admits the first and second sentences of paragraph 110.  Denies the allegations contained in the third sentence of paragraph 110 for lack of knowledge or information sufficient to form a belief as to their truth.

111.    Admits the allegations contained in paragraph 111 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 111.

112.    Admits the allegations contained in paragraph 112 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 112.

113.    Admits the allegations contained in paragraph 113 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 113.

114.    Admits the allegations contained in paragraph 114 to the extent supported by the

15

document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 114.

115.    The allegations contained in paragraph 115 constitute plaintiffs' characterization of their case, to which no response is required; otherwise denies the allegations contained in paragraph 115.

116.    Denies plaintiffs' characterization that EPA "withdrew" grant funds from plaintiffs' ASAP accounts.  Admits that, on August 7, 2025, EPA deobligated 93 percent of the Solar for All grant funds that had been awarded to plaintiffs.

117.    Denies.

118.    Admits.

119.    Admits.

120.    The allegations contained in paragraph 120 constitute plaintiffs' characterization of their case, to which no response is required.

121.    Admits the allegations contained in paragraph 121 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 121.

122.    The allegations contained in the first sentence of paragraph 122 constitute plaintiffs' characterization of their case, to which no response is required.  Denies the remaining allegations contained in paragraph 122 for lack of knowledge or information sufficient to form a belief as to their truth.

123.    Defendant incorporates by reference the responses to the allegations contained in the preceding paragraphs.

124.    The allegations contained in paragraph 124 constitute plaintiffs' characterization

16

of their case and statements of law, to which no response is required.

125. The allegations contained in paragraph 125 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

126. The allegations contained in paragraph 126 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

127. The allegations contained in paragraph 127 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

128. The allegations contained in paragraph 128 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

129. The allegations contained in paragraph 129 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

130. Admits that each amended grant agreement contained termination provisions. Regarding the quoted text, admits the quoted text to the extent supported by the document cited, which is the best evidence of its contents; and avers that the quoted text reflects a portion of the termination provisions. Otherwise denies the allegations contained in paragraph 130.

131. The allegations contained in paragraph 131 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

132. Admits.

133. The allegations contained in paragraph 133 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

134. The allegations contained in paragraph 134 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

135. The allegations contained in paragraph 135 constitute plaintiffs' characterization

17

of their case and conclusions of law, to which no response is required.

136. Defendant incorporates by reference the responses to the allegations contained in the preceding paragraphs.

137. The allegations contained in paragraph 137 constitute plaintiffs' statements of law, to which no response is required.

138. The allegations contained in paragraph 138 constitute plaintiffs' statements of law, to which no response is required.

139. The allegations contained in paragraph 139 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

140. The allegations contained in paragraph 140 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

141. The allegations contained in paragraph 141 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

142. Denies the allegations contained in paragraph 142 for lack of knowledge or information sufficient to form a belief as to their truth.

143. The allegations contained in paragraph 143 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

144. The allegations contained in paragraph 144 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

145. The allegations contained in paragraph 145 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

146. The allegations contained in paragraph 146 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

147. The allegations contained in paragraph 147 constitute plaintiffs' characterization of their case and conclusions of law, to which no response is required.

Defendant denies each and every allegation not previously admitted or otherwise qualified. Defendant further denies that plaintiffs are entitled to the relief set forth in their prayer for relief immediately following paragraph 147, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. To the extent the district court litigation in *State of Arizona, et al. v. EPA*, No. 2;25-cv-2015 (W.D. Wash.), results in the reinstatement of plaintiffs' grants or payment of grant funds, plaintiffs' claims are barred in whole or in part by the defense of payment.

2. Plaintiffs' claims based on the amended grant agreements fail for lack of consideration.

3. Plaintiffs' claims are barred in whole or in part by the defense of frustration of purpose.

4. Plaintiffs' claims are barred in whole or in part by the defense of impossibility or impracticability.

5. Plaintiffs' claims are barred in whole or in part for failure to mitigate damages.

6. Defendant reserves the right to assert additional affirmative defenses to the allegations set forth in the Complaint to the extent that they are warranted and/or applicable based on evidence developed during the course of discovery or at trial.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

19

                                        ALBERT S. IAROSSI
                                        Assistant Director

OF COUNSEL:                             /s/ Catherine M. Yang
                                        CATHERINE M. YANG
Stephanie Rich                          Trial Attorney
Jennifer Lin                            Commercial Litigation Branch
U.S. Environmental Protection Agency    Civil Division, U.S. Department of Justice
                                        P.O. Box 480
                                        Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 514-4336
                                        Email: catherine.m.yang@usdoj.gov


April 30, 2026                          Attorneys for Defendant