The Honorable Tiffany M. Cartwright

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

STATE OF ARIZONA, et al.,

*Plaintiffs*,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY, et al.,

*Defendants*.

Civil Action No. 2:25-cv-02015-TMC

**DEFENDANTS' OBJECTION TO
PLAINTIFFS' REQUEST FOR
JUDICIAL NOTICE**

**NOTED FOR HEARING:
MAY 8, 2026, 1:30 P.M.**

DEFENDANTS' OBJECTION TO PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

Plaintiffs ask the Court to take judicial notice of an argument in *Maryland Clean Energy Center v. United States*, No. 25-1738C (Fed. Cl.) ("*Maryland*") that Defendants simply have not made, that is not an undisputed adjudicative fact susceptible to judicial notice, and that does not support Plaintiffs' jurisdiction arguments in this case. For these reasons, Plaintiffs' Request for Judicial Notice (Dkt. 147) should be denied.

*First*, Plaintiffs ask this Court to accept a false understanding of the United States' second affirmative defense, which Plaintiffs incorrectly paraphrase as "the amended grant agreements . . . are *not* contracts." Request at 2. Plaintiffs then use this warped view of the defense to suggest that the United States will argue that "jurisdiction is [not] proper in the Court of Federal Claims." Request at 2. But the United States' answer in *Maryland* does not say any of that. Contrary to Plaintiffs' paraphrase, the United States does not contend that the grants are not contracts. To the contrary, the answer admits elsewhere that "[b]y February 2025, EPA had entered into binding Grant Agreements with each Plaintiff." Am. Answer ¶ 4, *Maryland*, Case No. 25-1738C, Dkt. 69 ("*Md*. Answer");[1] Compl. ¶ 4, *Maryland*, Dkt. 1 ("*Md.* Compl."), attached as Exhibit 1. The affirmative defense says that "Plaintiffs' claims based on the amended [Solar for All ("SFA")] grant agreements fail for lack of consideration." *Md*. Answer at 19. This defense does not take issue with the jurisdiction of the Court of Federal Claims. Instead, the defense focuses on refuting Plaintiffs' argument that the December 2024 post-election grant amendments "limit[ed] the EPA's unilateral termination rights." *Md.* Compl. ¶¶ 66–68, 129–31. Whether the amended agreements did so is a contractual dispute to be heard in the Court of Federal Claims under the Tucker Act in due course. Merits briefing on the plaintiffs' breach of contract claim is underway in *Maryland*, *see* Order, *Maryland* (Apr. 20, 2026); there is no need or basis to preempt the Court of Federal Claims consideration of the issue.

---

[1] The United States filed an amended answer correcting a few erroneous paragraph number references; the amended answer is otherwise the same. *See Maryland*, No. 25-1738C, Dkt. 69.

DEFENDANTS' OBJECTION TO PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

*Second*, the United States' affirmative defense is not an "adjudicative fact" that is "not subject to reasonable dispute." Fed. R. Evid. 201(a)–(b). Plaintiffs are not asking to take judicial notice of any undisputed fact. They instead ask the Court to take notice of Plaintiffs' skewed understanding of the United States' affirmative defense. Plaintiffs' characterization of the United States' legal position is not correct, is not supported by the answer, and is certainly not undisputed. Plaintiffs' request for judicial notice should be denied for this reason by itself. *See Leonard v. Arnold*, No. 3:26-CV-05194, 2026 WL 1182997, at *2 (W.D. Wash. Apr. 30, 2026) (declining to take judicial notice of "petitioner's and his defense counsel's arguments in support of his claims for relief" because such arguments are not "adjudicative facts that are not subject to reasonable dispute").

*Third*, contrary to Plaintiffs' assertion, the United States' affirmative defense is not relevant to the Plaintiffs' arguments about subject matter jurisdiction. *See, e.g.*, *Estate of Manstrom-Greening v. Lane Cnty.*, No. 22-35340, 2023 WL 5695994, at *3 (9th Cir. Sept. 5, 2023) ("[E]vidence is only judicially noticeable if it is otherwise admissible."). Jurisdiction under the Tucker Act focuses on whether the plaintiffs have brought a "claim against the United States founded on" an "express or implied contract." 28 U.S.C. § 1491(a)(1); *see also N. Star Alaska v. United States*, 14 F.3d 36, 37 (9th Cir. 1994) (Tucker Act jurisdiction turns on the "source of the rights upon which the plaintiff bases its claim" and "the type of relief sought"). That the United States raises a contract defense in *Maryland* is irrelevant to Plaintiffs' assertion that this lawsuit is not essentially contractual in nature. Rather, it suggests the opposite. The United States' quintessential contractual defense of lack of consideration only underscores what Defendants have consistently said: this case concerns a contractual dispute that can only be resolved in the Court of Federal Claims under the Tucker Act. The Court of Federal Claims is the appropriate forum to resolve those purely contractual issues.

For each and all of the foregoing reasons, Plaintiffs' request should be denied.

DEFENDANTS' OBJECTION TO PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

2

Dated: May 7, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

KIRK T. MANHARDT
Director

KEVIN P. VANLANDINGHAM
Assistant Director

/s/      *Tiffiney F. Carney*
TIFFINEY F. CARNEY
I-HENG HSU
BETHANY R. THERIOT
Trial Attorneys
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521
tiffiney.carney@usdoj.gov
i-heng.hsu@usdoj.gov
bethany.theriot@usdoj.gov
*Attorneys for the Defendants*

DEFENDANTS' OBJECTION TO PLAINTIFFS'
REQUEST FOR JUDICIAL NOTICE
No. 2:25-cv-02015

**U.S. Department of Justice**
Civil Division, Commercial Litigation Branch
1100 L Street NW
Washington, DC 20005
(202) 598-7521

3